DAVID I. BROWNSTEIN (SBN 195393)
**LAW OFFICE OF DAVID BROWNSTEIN**
1 Park Plaza, Suite 600 PMB 385
Irvine, CA 92614
Telephone: (949) 486-4404
*david@brownsteinfirm.com*

Counsel for limited partners Zhi Hong Zhang, Tong Jin, Yunning Zhao, Mei Yang and Chunting Wang

## IN THE UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## (SAN FERNANDO VALLEY)

| | |
|---|---|
| In re:<br><br>**LYTTON VINEYARD AND WINERY, L.P. a California limited liability company**<br><br>       Debtor and Debtor in Possession. | Case No. 1:24-bk-11748-VK<br><br>Chapter 11<br><br>**EMERGENCY EX-PARTE MOTION TO CONTINUE HEARING AND RESPONSIVE DEADLINES FOR DEBTOR'S MOTION FOR ORDER: (1) AUTHORIZING BIDDING PROCEDURES FOR SALE OF ESTATE PROPERTY; (2) APPROVING THE SALE OF PROPERTY UNDER 11 U.S.C. § 363 FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, SUBJECT TO HIGHER AND BETTER OFFERS; ETC. [DOCK. #69]; AND DECLARATIONS OF DAVID BROWNSTEIN AND CECIL MCNAB IN SUPPORT**<br><br>[Local Bankruptcy Rule 9075-1 and/or Local Bankruptcy Rule 9013-1(m)]<br><br><u>Current Hearing Date:</u><br>Date: December 18, 2024<br>Time: 1:30 pm<br>Place: Courtroom 301<br><br><u>Proposed Continued Hearing Date:</u><br>Date: January 8, 2025<br>Time: 1:30 pm<br>Place: Courtroom 301 |

**TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY COURT JUDGE; THE DEBTOR AND ITS COUNSEL OF RECORD; THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:**

**NOTICE IS HEREBY GIVEN THAT Movants** Zhi Hong Zhang, Tong Jin, Yunning Zhao, Mei Yang and Chunting Wang (collectively the "Limited Partners") have filed this motion entitled:

> **EMERGENCY EX-PARTE MOTION TO CONTINUE HEARING AND RESPONSIVE DEADLINES FOR DEBTOR'S MOTION FOR ORDER: (1)AUTHORIZING BIDING PROCEDURES FOR SALE OF ESTATE PROPERTY; (2) APPROVING THE SALE OF PROPERTY UNDER 11 U.S.C. § 363 FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, SUBJECT TO HIGHER AND BETTER OFFERS; ETC. [DOCK. #69]; AND DECLARATIONS IN SUPPORT**

(the "Motion to Continue").

The Limited Partners seek the appropriate entry of an Order continuing the hearing on Debtor's Motion to Authorize Bidding Procedures for Sale of Estate Property and Approving the Sale of Property Under 11 U.S.C. § 363, etc. (the "Sale Motion"), from the current hearing date of December 18, 2024, to this Court's next available hearing date of January 8, 2025, as well as continuing the responsive deadlines by which the Limited Partners would have to oppose the Sale Motion to be 14 days prior to the continued hearing date.

**NOTICE IS FURTHER GIVEN** that this Motion to Continue is made pursuant to Local Bankruptcy Rule 9013-1(m) and appears to be allowed by an ex-parte request.

///

///

///

1  **NOTICE IS FURTHER GIVEN** that in an abundance of caution, this Motion to

2  Continue is also being made herein pursuant to Local Bankruptcy Rule 9075-1(a), which would

3  set a hearing on this matter with less than 48 hours' notice, if such a hearing is required by this

4  Court.  Pursuant to the rules of this Judge, if a hearing on this Motion to Continue is scheduled,

5  those entitled to notice will receive a separate and specific notice identifying the date, time and

6  place of the hearing on the Motion to Continue.

7  Dated: December 3, 2024               LAW OFFICE OF DAVID I. BROWNSTEIN

8                                        By:   /s/ David I. Brownstein
9                                        DAVID I. BROWNSTEIN,
                                         Counsel for Limited Partners
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

## SUMMARY OF ARGUMENT

The 5 Limited Partners in the Debtor are investors who entered into limited partnership agreements, and invested $500,0000 each into Lytton Vineyard Winery L.P.  The investments were made in order to allow the 5 Limited Partners to seek to qualify for EB-5 immigration.  EB-5 immigration requires a substantial investment in a targeted employment area or infrastructure project that will benefit the United States economy.  According to the investment documents, the Limited Partners are supposed to hold 60% of the ownership interests of the Debtor, and Lytton Estates LLC was to hold 40% of the ownership interest of the Debtor.

The partnership agreements and the agreements between the Limited Partners and the General Partner were clear in that the purpose of the Debtor was to own and operate the Lytton Winery.  This was necessary in that without an operating business, the investments of the Limited Partners would be made moot, and the basis of their EB-5 immigration status would be eliminated.

At some point in time pre-petition, the General Partner decided to seek to sell the Lytton Winery without obtaining a vote from the Limited Partners.  The Limited Partners sought to stop such a sale from occurring and ended up commencing an action in the Riverside Superior Court on October 8, 2024, less than two months ago.  The Limited Partners obtained a *Lis pendens* over the Debtor's property and effectively stopped the sale to the current proposed buyer T22 LLC.

The Debtor ignores the pending litigation and the *Lis pendens* in place and seeks to have this Court make findings under Sections 363(f) and 363(m).  All of those issues require a sufficient amount of time to address in a proper opposition.

In addition, the Limited Partners have already identified two potential investors with significant experience in the Temecula wine business as well as who have relationships with the Debtor's Second Deed of Trust holder American AgCredit, and with Z Golf dba Wedgewood. The Limited Partners believe that they may be able to bring in these investors with sufficient funds of at least $6 million in order to refinance out Nano Banc and American AgCredit, and

retain the Debtor as an operating business.  With the requested continuance on the hearing of the Sale Motion, the Limited Partners will also have sufficient time to attempt to bring that to fruition as well.

## II.

### FACTS[1]

1.     Zhi Hong Zhang, Tong Jin, Yunning Zhao, Mei Yang, and Chunting Wang, are individuals who are the limited partners of Lytton Vineyard and Winery L.P. (collectively the "Limited Partners").

2.     The Limited Partners each signed limited partnership agreements between Lytton Estates, LLC a California limited liability company as General Partners of Lytton Vineyard and Winery L.P. (herein the "Debtor").

3.     In order to qualify for an EB-5 immigration category permanent residency (i.e. petition for green card), the Limited Partners were required to invest substantial amounts of money in a targeted employment area or infrastructure project that would benefit the U.S. economy.

4.     The Limited Partners invested a combined total of $2,500,000 in the Debtor, each having invested $500,000.

5.     The Limited Partners have not yet received notice that their EB-5 and/or other immigration petitions have been approved.

6.     The Debtor pre-petition evidenced a conflict of interest in the manner in which it had disregarded the interests of the Limited Partners and allowed its assets to be listed for sale without calling for a vote, without majority consent and without proper advanced notice to the Limited Partners.

7.     The pre-petition proposed sale of the Rancho California property was in direct violation of the terms and purpose of the Limited Partnership Agreement of the Lytton Vineyard & Winery LP in that the purpose of the Lytton Winery was to own and operate the Lytton

---

[1] The facts in support hereof are set out in the Verified Complaint attached hereto as Exhibit "A". The Verified Complaint is supported with Verifications signed by each of the Limited Partners under penalty of perjury.

Winery.

8.     In approximately July 2024, the Debtor sought to proceed with a sale of the Debtor's assets pre-petition to T22 LLC for the amount of $12 million.

9.     On October 8, 2024, the Limited Partners commenced an action in the Riverside Superior Court, Case #CVME2403508 against the Debtor, the general partner of the Debtor, and others, alleging breach of fiduciary duty, constructive ownership, constructive trust, fraud, breach of contract, and other claims (the "Riverside Action")

10.    On October 15, 2024, a Notice of Lis Pendens was filed and recorded against the Debtor's property with respect to the Riverside Action.

11.    On October 18, 2024, the Debtor commenced this Bankruptcy Case.

12.    On November 27, 2024, the Debtor served the subject Sale Motion, with a hearing date of December 18, 2024.

13.    Not until the afternoon of Monday December 2, 2024, when the Limited Partners sought to retain undersigned bankruptcy counsel, did undersigned bankruptcy counsel check Pacer to find the Sale Motion and made the Limited Partners first aware of the pending Sale Motion and the exigent deadline to respond.

14.    This Court has not granted any prior continuances for this Motion, nor on a request by the Limited Partners.

15.    This Court's calendar shows that the next available hearing date after December 18, 2024, is January 8, 2025.

### III.

### ARGUMENT

### THIS COURT HAS THE AUTHORITY TO GRANT THIS MOTION

LBR 9013-1 (m) provides as follows:

(1) Motion for Continuance. Unless otherwise ordered, a motion for the

continuance of a hearing under this rule must be filed as a separately captioned

motion, and must be filed with the court and served upon all previously noticed

parties by facsimile, e-mail, personal service, or overnight mail at least 3 days

before the date set for the hearing.

    (A) The motion must set forth in detail the reasons for the continuance, state

        whether any prior continuance has been granted, and be supported by the

        declaration of a competent witness attesting to the necessity for the

        continuance.

    (B) A proposed order for continuance must, in accordance with LBR 9021-1(b),

        be lodged with the court upon the filing of the motion.

    (C) Unless the motion for continuance is granted by the court at least 1 day

        before the hearing, the parties must appear at the hearing.

At some point in time pre-petition, the General Partner decided to seek to sell the Lytton Winery without obtaining a vote from the Limited Partners.  The Limited Partners sought to stop such a sale from occurring and ended up commencing an action in the Riverside Superior Court on October 8, 2024, less than two months ago.  The Limited Partners obtained a *Lis pendens* over the Debtor's property and effectively stopped the sale to the current proposed buyer T22 LLC.

In a clear forum shopping effort, the Debtor then shortly thereafter commenced this Bankruptcy Case, and filed this Motion seeking to approve the same sale to the same buyer for the same price.  The legal authority for the Debtor to proceed with such a sale, over the specific rights and requirements of its partnership agreements, is still the subject of that still pending, but now stayed, litigation in the Riverside Superior Court.

The Debtor ignores the pending litigation and the *Lis pendens* in place and seeks to have this Court make findings under Sections 363(f) and 363(m).  All of those issues require a sufficient amount of time to address in a proper opposition.

Debtor's Sale Motion was filed on the Wednesday afternoon before the four-day Thanksgiving weekend and provided either none, or only a minimal amount of notice to the Limited Partners (most of which have international addresses). Not until the afternoon of Monday December 2, 2024, when the Limited Partners sought to retain undersigned bankruptcy counsel, did undersigned bankruptcy counsel check Pacer to find the Sale Motion and made the Limited Partners first aware of the pending Sale Motion and the exigent deadline to respond.

Based on the claims as set out in the Riverside Superior Court Action, as well as the significant harm that will befall the Limited Partners with respect to both the mootness of their investments, and the loss of their EB-5 basis, there is a sufficient basis to allow additional time for the Limited Partners to oppose the Sale Motion.

In addition, the Limited Partners have already identified two potential investors with significant experience in the Temecula wine business as well as who have relationships with the Debtor's Second Deed of Trust holder American AgCredit, and with Z Golf dba Wedgewood. The Limited Partners believe that they may be able to bring in these investors with sufficient funds of at least $6 million in order to refinance out Nano Banc and American AgCredit and retain the Debtor as an operating business.

No parties would be prejudiced more than the Limited Partners by a short continuance of this Court's hearing.  Moreover, sufficient notice of the continued hearing should be provided to all creditors more than two weeks prior to the original hearing date.  This Ex-Parte request is being served on all creditors by mail, and to the relevant interested parties via their counsel's ecf noticing.

**IV.**

**<u>CONCLUSION</u>**

Based on the foregoing, the Limited Partners respectfully request that this Court grant this request for a short continuance of the hearing and to extend the responsive deadlines to allow the Limited Partners sufficient time to prepare an opposition, and potentially bring in interested investors to refinance out the first and second deeds of trust and maintain the Debtor as a reorganized going concern.

Dated: December 3, 2024                    LAW OFFICE OF DAVID BROWNSTEIN


                                          By: /s/ David Brownstein
                                              DAVID BROWNSTEIN
                                              Counsel for Limited Partners

## DECLARATION OF CECIL MCNAB

I, Cecil McNab, hereby declare as follows:

1.      I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.      I am an attorney for the above noted Limited Partners.

3.      I was actively involved in attempting to negotiate additional opportunities for investors or buyers to come into the Debtor's business pre-petition.

4.      Many of my discussions pre-petition were with the Debtor's current Bankruptcy Counsel.  However, in spite of the opportunities presented and the attempts to avoid a sale that would eliminate the EB-5 basis the Limited Partners held in the Debtor, the Debtor's Bankruptcy Counsel was not receptive to such offers, instead appearing to consider Bankruptcy as the only option.

5.      I am aware of two investors who are very familiar and knowledgeable about operating wineries in the Temecula area.  These two investors have recently represented an interest in being able to bring in funds of at least $6 million in an attempt to refinance out the Debtor's first and second deed of trust holder.

6.      The two potential investors have significant experience in the Temecula wine business and also have relationships with the Debtor's Second Deed of Trust holder American AgCredit, and with Z Golf dba Wedgewood.

///

///

///

7.    I believe that the Limited Partners may be able to bring in these investors with sufficient funds of at least $6 million in order to refinance out Nano Banc and American AgCredit, and retain the Debtor as an operating business.  With the requested continuance on the hearing of the Sale Motion, the Limited Partners will also have sufficient time to attempt to bring that to fruition as well.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 3rd day of December 2024, at Los Angeles, California.

By: 
        Cecil McNab, Declarant

## **DECLARATION OF DAVID BROWNSTEIN**

I, David Brownstein, hereby declare as follows:

1.      I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.      On October 8, 2024, the Limited Partners commenced an action in the Riverside Superior Court, Case #CVME2403508 against the Debtor, the general partner of the Debtor, and others, alleging breach of fiduciary duty, constructive ownership, constructive trust, fraud, breach of contract, and other claims (the "Riverside Action").  I have attached a true and correct copy of this Verified Complaint (without exhibits) hereto as Exhibit "A".

3.      I reviewed the docket in the Riverside Action, which provides that on October 15, 2024, a Notice of Lis Pendens was filed with respect to the Riverside Action.

4.      On October 18, 2024, the Debtor commenced this Bankruptcy Case.

5.      On November 27, 2024, the Debtor served the subject Sale Motion, with a hearing date of December 18, 2024.

6.      Not until the afternoon of Monday December 2, 2024, when the Limited Partners sought to retain me, did I check Pacer to find the filed Sale Motion and made the Limited Partners first aware of the pending Sale Motion and the exigent deadline to respond.

7.      This Court has not granted any prior continuances for this Motion, nor on any request by the Limited Partners.

8.      This Court's calendar shows that the next available hearing date after December 18, 2024, is January 8, 2025.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 3rd day of December 2024, at Irvine, California.


By:___/s/ David I. Brownstein_____
          David Brownstein, Declarant

EXHIBIT "A"

EXHIBIT "A"

Electronically FILED by Superior Court of California, County of Riverside on 10/08/2024 03:01 PM
Case Number CVME2403508 0000107540955 - Jason B. Galkin, Executive Officer/Clerk of the Court By Jennifer Angello, Clerk

**PLD-C-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 84736 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Oscar E. Toscano | | |
| FIRM NAME: Law Offices of Oscar E. Toscano | | |
| STREET ADDRESS: 625 W. Broadway, Suite B | | |
| CITY: Glendale    STATE: CA    ZIP CODE: 91204 | | |
| TELEPHONE NO.: 8182410806    FAX NO.: (818)241-2842 | | |
| EMAIL ADDRESS: oetlaw@aol.com | | |
| ATTORNEY FOR *(name):* ZhiHong Zhang, Tong Jin, Yunning Zhao, Mei Yang, Chunting Wang | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Riverside**
STREET ADDRESS: **27401 Menifee Center Drive**
MAILING ADDRESS: **SAME AS ABOVE**
CITY AND ZIP CODE: **Menifee 92584**
BRANCH NAME: **Menifee Justice Center**

PLAINTIFF: **ZhiHong Zhang, Tong Jin, Yunning Zhao, Mei Yang, Chunting Wang**

DEFENDANT: Lytton Vineyard & Winery, LP, a California Limited Partnership, Lytton Estates LLC, a California Liability Company, Maribeth Levine, Estate of Lytton H. Sheldon and

[✓] DOES 1 TO 50

| CONTRACT | |
|---|---|
| [✓] **COMPLAINT** | [ ] **AMENDED COMPLAINT** *(Number):* |
| [ ] **CROSS-COMPLAINT** | [ ] **AMENDED CROSS-COMPLAINT** *(Number):* |

| Jurisdiction *(check all that apply):* | CASE NUMBER: |
|---|---|
| [ ] **ACTION IS A LIMITED CIVIL CASE (does not exceed $35,000)** | |
|     Amount demanded [ ] does not exceed $10,000 | CVME2403508 |
|                  [ ] exceeds $10,000 | |
| [✓] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $35,000)** | |
| [ ] **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint | |
|     [ ] from limited to unlimited | |
|     [ ] from unlimited to limited | |

1. **Plaintiff*** *(name or names):*
   **Zhihong Zhang, Tong Jin, Yunning Zhao, Mei Yang, Chunting Wang**

   alleges causes of action against **defendant*** *(name or names):*  LYTTON VINEYARD & WINERY LP, A CALIFORNIA LIMITED PARTNERSHIP,
   LYTTON ESTATES LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,  MARIBETH LEVINE, ESTATE OF LYTTON H. SHELDON, AND DOES 1-50

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. a. Each plaintiff named above is a competent adult
       [ ] **except** plaintiff *(name):*
           (1) [ ] a corporation qualified to do business in California.
           (2) [ ] an unincorporated entity *(describe):*
           (3) [ ] other *(specify):*
   b. [ ] Plaintiff *(name):*
           (1) [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

           (2) [ ] has complied with all licensing requirements as a licensed *(specify):*
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
       [✓] **except** defendant *(name):* LYTTON VINEYARD & WINERY LP     [✓] **except** defendant *(name):* LYTTON ESTATES LLC
           (1) [ ] a business organization, form unknown.     (1) [ ] a business organization, form unknown.
           (2) [ ] a corporation.                       (2) [ ] a corporation.
           (3) [ ] an unincorporated entity *(describe):*     (3) [ ] an unincorporated entity *(describe):*

           (4) [ ] a public entity *(describe):*           (4) [ ] a public entity *(describe):*

           (5) [✓] other *(specify):* LIMITED PARTNERSHIP     (5) [✓] other *(specify):* LIMITED LIABILITY COMPANY

      * If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.     **Page 1 of 2**

| Form Approved for Optional Use | | |
|---|---|---|
| Judicial Council of California | **COMPLAINT—Contract** | Code of Civil Procedure, § 425.12 |
| PLD-C-001 [Rev. January 1, 2024] | | www.courts.ca.gov |

PLD-C-001

| SHORT TITLE:<br>ZHIHONG ZHANG v. Lytton Winery | CASE NUMBER:<br>CVME2403508 |
|---|---|

4.  b.  The true names of defendants sued as Does are unknown to plaintiff.
    (1) ☑ Doe defendants *(specify Doe numbers):* **1-40**      were the agents or employees of the named
           defendants and acted within the scope of that agency or employment.
    (2) ☑ Doe defendants *(specify Doe numbers):* **41-50**    are persons whose capacities are unknown to
           plaintiff.
  c.  ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.
  d.  ☑ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*
      **LYTTON VINEYARD & WINERY LP**

5.  ☐ Plaintiff is required to comply with a claims statute, **and**
  a.  ☐ has complied with applicable claims statutes, *or*
  b.  ☐ is excused from complying because *(specify):*
      **N/A**

6.  ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

7.  This court is the proper court because
  a.  ☑ a defendant entered into the contract here.
  b.  ☐ a defendant lived here when the contract was entered into.
  c.  ☐ a defendant lives here now.
  d.  ☑ the contract was to be performed here.
  e.  ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
  f.  ☑ real property that is the subject of this action is located here.
  g.  ☐ other *(specify):*

8.  The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
  ☑ Breach of Contract
  ☐ Common Counts
  ☑ Other *(specify):* BREACH OF LIMITED PARTNERSHIP AGREEMENT, MISMANAGEMENT, BREACH OF FIDUCIARY DUTY, TO SET ASIDE
      SALE OF ASSETS, MISREPRESENTATION AND FRAUD WITH IMPOSITION OF A CONSTRUCTIVE TRUST

9.  ☐ Other allegations:

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
  a.  ☑ damages of: $ 4,000,000
  b.  ☑ interest on the damages
    (1) ☑ according to proof
    (2) ☐ at the rate of *(specify):*    percent per year from *(date):*
  c.  ☑ attorney's fees
    (1) ☐ of: $
    (2) ☑ according to proof.
  d.  ☑ other *(specify):* IMPOSITION OF A CONSTRUCTIVE TRUST, CANCELLATION OF SALE OF PRIMARY ASSET OF
      LIMITED PARTNERSHIP

11. ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date:  **SEPTEMBER 30, 2024**

Oscar E. Toscano
_____
     (TYPE OR PRINT NAME)                                 (SIGNATURE OF PLAINTIFF OR ATTORNEY)
            *(If you wish to verify this pleading, affix a verification.)*

| | | |
|---|---|---|
| PLD-C-001 [Rev. January 1, 2024] | **COMPLAINT—Contract** | Page 2 of 2 |

CASE NAME: ZHIHONG ZHANG v. LYTTON VINEYARD & WINERY LP

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

**SUMMARY OF BACKGROUND**

1. Plaintiffs are informed and believe and thereon allege that on September 20, 2013, Sheldon H. Lytton created the Limited Partnership Agreement (hereinafter sometimes referred to as the LPA) of Lytton Vineyard & Winery LP (hereinafter Lytton Winery) as indicated on Exhibit 1 which is a representative of the various agreements signed by the Limited Partners.

2. Plaintiffs are informed and believe and thereon allege that on September 30, 2013, Sheldon H. Lytton created the Private Placement Memorandum for Lytton Winery as shown on Exhibit 2.

3. Plaintiffs are informed and believe and thereon allege that on October 10, 2013, Sheldon H. Lytton filed the Articles of Organization for Lytton Estates, LLC (hereinafter Lytton Estates) with the California Department of Corporations as shown on Exhibit 3.

4. Plaintiffs are informed and believe and thereon allege that on October 13, 2013, Sheldon H. Lytton and/or Maribeth Levine created the Operating Agreement for Lytton Estates LLC which is signed by both Sheldon H. Lytton and Maribeth Levine as shown by Exhibit 4.

5. Plaintiffs are informed and believe and thereon allege that on October 21, 2013, Sheldon H. Lytton filed the Certificate of Limited Partnership of Lytton Winery with the California Department of Corporations as shown on Exhibit 5.

6. Plaintiffs are informed and believe and thereon allege that on February 3, 2014, Sheldon H. Lytton created the Letter of Intent regarding investments in Lytton Winery as shown on Exhibit 6.

7. Plaintiffs are informed and believe and thereon allege that on February 21, 2014, Sheldon H. Lytton filed an Amendment to Certificate of Limited Partnership with the California Department of Corporations indicating that Lytton Vineyard & Winery LP had been

3

1    changed MSL Partners as shown on Exhibit 7.

2    8.    Plaintiffs are informed and believe and thereon allege that on March 14, 2014, Sheldon

3    H. Lytton filed an Amendment to Certificate of Limited Partnership with the California

4    Department of Corporations indicating that MSL Partners had been changed back to

5    Lytton Vineyard & Winery LP as shown on Exhibit 8.

6    9.    On March 2, 2014, Yunning Zhao was the first Limited Partner of Lytton Winery that

7    signed the LAP and thereafter paid five hundred thousand dollars ($ 500,000.00) to

8    Lytton Winery as indicated on Exhibit 9.

9    10.    On March 28, 2014, Lytton Winery issued a receipt for the five hundred thousand dollars

10    ($ 500,000.00) paid by Yunning Zhao acknowledging receipt of the five hundred

11    thousand dollar payment from Yunning Zhao as indicated on Exhibit 9.

12    11.    On April 1, 2014, Lytton Winery purchased the Rancho California property from the

13    Skate Ranch using monies invested various of the Limited Partners, (Plaintiffs herein)

14    and a Grant Deed reflecting the purchase of the Rancho California property was recorded

15    as shown on Exhibit 10.

16    12.    After the death of Sheldon H. Lytton, Maribeth Levine filed an Amendment to Certificate

17    of Limited Partnership of Lytton Winery indicating she was the managing partner of

18    Lytton Estates LLC as shown by Exhibit 13.

19    13.    On February 6, 2015, Lytton Winery, by and through the General Partner Lytton Estates

20    LLC,   borrowed 5 million dollars ($5,000,000.00) construction loan from Commerce

21    Bank of Temecula as indicated in Exhibit 14.

22    14.    On July 25, 2016, Lytton Winery, by and through the General Partner Lytton Estates

23    LLC,   borrowed $ 1,825,000.00  dollars from American AGCredit, PCA as indicated in

24    Exhibit 15.

25    15.    On July 2, 2024, Lytton Winery, by and through the General Partner Lytton Estates LLC,

26    and signed by Maribeth Levine, signed a Commercial Purchase Agreement and agreed to

27    sell the Lytton Winery and the Rancho California property for the sum of twelve million

28                                                                                                                       4

1      dollars ($12,000,000.00) as shown on Exhibit 16, without calling for a vote, without

2      majority consent of the Limited Partners of Lytton Winery.

3                                    **PARTIES TO THIS LAWSUIT**

4   16.    Plaintiffs are limited partners of Lytton Vineyard & Winery LP (hereinafter  Lytton

5          Winery) and they are: 1) Zhihong Zhang, 2) Tong Jin, 3) Yunning Zhao, 4) Mei Yang,

6          and 5) Chunting Wang.

7   17.    Different Limited Partnership Agreements (referred to as LPA), which are in substance

8          the same as Exhibit 1, were signed at different times by and between Lytton Estates LLC,

9          a California limited liability company (hereinafter Lytton Estates) as General Partner of

10         Lytton Winery, Lytton Winery and Plaintiffs pursuant to the terms of page 1 of the ALP

11         of Lytton Winery, pursuant to the terms of the PPM, pursuant to the terms of Operating

12         Agreement for Lytton Estates  and pursuant to the terms of the Letter of Intent (Exhibits

13         1, 2, 4 and 6.) Exhibit 1 was signed by Yunning Zhao, the first investor herein.

14  18.    Sheldon H. Lytton was the original manager of Lytton Estates as indicated in paragraphs

15         2.9 and 5.1 of the Operating Agreement for Lytton Estates. (See Exhibit 4.)

16  19.    Sheldon H. Lytton was the original creator of Lytton Winery and the mastermind behing

17         the creation of Lytton Winery for Plaintiffs to process their immigration petitions

18         pursuant to the United States Immigration Act.

19  20.    Plaintiffs are informed and believe and thereon allege that in order to qualify for an EB-5

20         immigration category permanent residency (aka petition for green card), the Plaintiffs

21         were required to invest substantial amounts of money in a targeted employment area or

22         infrastructure project that will benefit the U.S. economy.  Plaintiffs invested a combined

23         total of two million five hundred thousand dollars ($ 2,500,000.00)  in Lytton Winery.

24  21.    Plaintiffs have not received notice that their EB-5 and/or other immigration petitions have

25         been approved.

26  22.    At all times mentioned herein, defendant Lytton Estates was and is a California Limited

27         Liability Company as shown on Exhibit 3.

28  23.    Defendant Maribeth Levine is an individual and is the current General Manager of Lytton

1    Winery (as shown by Exhibit 13) and was at all times aware of the contractual obligations

2    between Lytton Estates, Lytton Winery and the limited partners (Plaintiffs herein.) In fact,

3    the Operating Agreement for Lytton Estates LLC was also signed by Maribeth Levine.

4  24.    Defendant Maribeth Levine is also the current General Manager of Lytton Estates (as

5    shown by Exhibit 16) and Plaintiffs are informed and believe and thereon allege that

6    Maribeth Levine was at all times aware of the contractual obligations between Lytton

7    Estates and Lytton Winery and the limited partners (Plaintiffs herein.)

8  25.    At all times mentioned herein, the Operating Agreement for Lytton Estates was entered

9    into by Sheldon H. Lytton and defendant Maribeth Levine on or around October 13, 2013

10    as shown by Exhibit 4.

11  26.    Defendant Lytton Vineyard & Winery, LP, a California Limited Partnership (hereinafter

12    Lytton Winery) is an unwilling defendant in that there is a conflict of interest in the

13    manner in which it has disregarded the interests of the limited partners of Lytton Winery

14    and has allowed the Rancho California property and the Lytton Winery to be listed for

15    sale without calling for a vote, without majority consent and without notice to the Limited

16    Partners of Lytton Winery.

17  27.    On information and belief, Sheldon H. Lytton passed away on or about June 4, 2019 and

18    a probate action, case number 19STPB08441 has been filed related to the Estate of

19    Sheldon H. Lytton.  Probate in said case has not closed.

20               **DOE DEFENDANTS**

21  28.    The true names or capacities, whether individual, corporate, associate or otherwise of

22    defendants DOES 1 through 50, inclusive, are unknown to Plaintiffs who therefore sue

23    said defendants under such fictitious names and capacities.  Plaintiffs are informed and

24    believe and thereon allege that each of the defendants designated herein as DOE is legally

25    responsible in some manner for the events and happenings herein referred to, and legally

26    caused injury and damages proximately thereby Plaintiffs as herein alleged.  Plaintiffs

27    will ask leave of Court to amend this complaint to show their true names and capacities

28    6

1    when the same has been ascertained.

2                                    **AGENCY**

3    29.   Plaintiffs are informed and believe and thereon allege that at all times mentioned herein,

4          each of the defendants was the agent and employee of each of the remaining defendants

5          and was at the time acting within the purpose and scope of said agency and employment

6          and each defendant ratified and approved the acts of the remaining defendants.

7                              **REAL ESTATE INVOLVED**

8    30.   The real estate involved in this litigation is located in Riverside County and is described

9          as 34567 Rancho California Road, Temecula, CA. 92591-5056 (hereinafter the Rancho

10         California property.) The legal description of the Rancho California property is shown in

11         Exhibit 10.

12   31.   Plaintiffs are informed and believe and thereon allege that at the present time, the Lytton

13         Winery is operated at the Rancho California property by the General Partner Lytton

14         Estates LLC, and the day to day decisions are made by Maribeth Levine who is the

15         general manager and part owner of Lytton Estates.

16   32.   The record owner of title of the Rancho California property is Lytton Vineyard & Winery

17         LP, a Limited Partnership as shown by Exhibit 10. However, the Lytton Winery and the

18         Rancho California property (previously known as the Van Roekel Vineyard & Winery)

19         was purchased, remodelled, refurbished, developed and operated (in part or in full) with

20         the funds invested by one or more of the Plaintiffs herein as admitted on page 8 and on

21         page 12 of the Private Placement Memorandum (hereinafter PPM- See Exhibit 2.)

22   33.   As indicated on page 12 of the PPM, Exhibit 2 herein, the purchase price was 4.5 million

23         ($4,500,000.00) for the Rancho California property. "Funding for the acquisition of the

24         Property will come from the Loan and Investment Funds of the Limited Partners."

25   34.   The Limited Partners (Plaintiffs herein) invested a combined total of two and one half

26         million dollars ($ 2,500,000.00) over a period of time. This is not including what the

27         Lytton Family Trust was supposed to invest. Therefore, it is clear that the Lytton Winery

28                                                                                                7

1   and Rancho California property were purchased with the investment funds from one or
2   more of the Plaintiffs herein.

3   35.   As represented on page 12 of the PPM -Exhibit 2, Upon completion of the offering,
4   "...the Limited Partners will own (60%) of the ownership interests and the General
5   Partner will own 40 % of the ownership interests" of the Lytton Winery and the Rancho
6   California property. It is unclear as to why 40 % of the ownership interest was granted to
7   Lytton Estates when Lytton Estates did not contribute 40 % of the investment to purchase
8   the Lytton Winery and Rancho California property.

9                          **JURISDICTION AND VENUE**

10  36.   The real estate belonging to Lytton Winery is located in the jurisdiction of the Riverside
11  County Superior Court, Menifee Justice Center located at 27401 Menifee Center Dr.,
12  Menifee, CA. 92584  and said court is also the proper venue for this case because the
13  Real estate that is the substantial and major asset of Lytton Winery is being sold in the
14  County of  Riverside. This court has jurisdiction for all purposes over the real estate.

15                       **CONSTRUCTIVE/EQUITABLE OWNERSHIP**

16  37.   The Rancho California property was to become the partnership property of Lytton Winery
17  and was to be owned by the Limited Partners as well.  However, the equitable and/or
18  beneficial and/or constructive owners of the Rancho California property are the limited
19  partners, i.e. Plaintiffs herein as more fully discussed below.

20  38.   The original construction deed of trust and other deeds were signed by Lytton Vineyard &
21  Winery LP by and through Lytton Estates LLC, general partner of Lytton Vineyard &
22  Winery LP, by and through Sheldon H. Lytton, manager of Lytton Estates LLC as
23  indicated on Exhibits 14, and 15.

24                       **FIDUCIARY DUTY AND BREACH THEREOF**

25  39.   Pursuant to California Corporations code section 15904.08 and 16404(a-b), defendants
26  Lytton Estates LLC, as general partner of Lytton Winery, Maribeth Levine, as general
27  manager of Lytton Winery, and as general partner of Lytton Estates LLC, and Lytton

28                                                                              8

Winery, as the limited partnership in which Plaintiffs invested two and half million dollars ($ 2,500,000.00), and each of them, owed a fiduciary duty of loyalty and the duty of care to the limited partners, which include but are not limited to, refraining from taking an adverse position to the limited partners in that said defendants have concealed the proposed sale of the Rancho California property and therefore have engaged in gross negligence or reckless conduct toward the interests of the Limited Partners (Plaintiffs herein) and/or intentional misconduct in concealing the proposed sale of the Rancho California property and in concealing the financial situation from the Limited Partners.

40. Defendants Lytton Estates, as general partner of Lytton Winery and the Lytton Winery as the Limited Partnership in which Plaintiffs invested two and one half million dollars ($2,500,000.00), Maribeth Levine, as general manager, and Does 1-50, owe a fiduciary duty to the Plaintiffs herein, as limited partners and owe a fiduciary duty of disclosure of matters that could cause the dissolution of the limited partnership or that will terminate the limited partnership or that will frustrate the intent and purpose of the investment by the Limited Partners (Plaintiffs herein.)

41. Defendants Lytton Estates, Lytton Winery, Maribeth Levine, as general manager, and Does 1-50, breached their fiduciary duty to the Plaintiffs herein, as limited partners, in failing to disclose the sale of the Rancho California property that will cause the dissolution or termination of the limited partnership and in failing to disclose the financial condition of Lytton Winery.

42. Plaintiffs are informed and believe and thereon allege that Lytton Estates, acting as the General Partners of Lytton Vineyard & Winery LP, and/or Maribeth Levine, acting as general manager, have signed escrow documents for the sale of the Rancho California property (which is owned by the Lytton Vineyard & Winery LP of which 60 %-sixty percent- is owned by the Plaintiffs herein), without consulting with Plaintiffs herein.

43. Plaintiffs are informed and believe and thereon allege that no prior notice of the sale of the Rancho California property was given to any of the limited partners of Lytton Winery,

9

by Lytton Estates nor by Maribeth Levine, nor by anyone on their behalf.

44. Plaintiffs are informed and believe and thereon allege that the limited partners (Plaintiffs herein) are required to vote on matters related to the termination of the Limited Partnership as indicated in Article I, section 1.5 (a, c) of the Limited Partnership Agreement of the Lytton Winery (Exhibit 1) and therefore had the power to vote on the sale of the Rancho California property. Plaintiffs were denied the right to vote on matters that will terminate the Limited Partnership-such as the sale of the Rancho California property, because the sale of the Rancho California property was concealed from Plaintiffs herein.

45. Plaintiffs are informed and believe and thereon allege that no vote was called for prior to the decision to sell the Rancho California property. Had a vote been taken, Plaintiffs herein, as limited partners, would have voted not to sell the Rancho California property as intended and under the current proposed sale.

46. Plaintiffs are informed and believe and thereon allege that the proposed sale of the Rancho California property is in direct violation of the terms and purpose of the Limited Partnership Agreement of the Lytton Vineyard & Winery LP (Exhibits 1, 2, 4 and 6) in that the purpose of the Lytton Winery was to own and operate the Lytton Winery.

47. Defendants, and each of them, are permitted to enter into agreements to accomplish the purpose of the partnership. However, the sale of the Rancho California property defeats the purpose and intent of the Lytton Winery and therefore, the acts of defendants in signing documents for the sale of the Rancho California property are in violation of the terms of the Limited Partnership Agreement of Lytton Winery and are therefore void and null ab initio.

48. The General Partner Lytton Estates and/or Maribeth Levine, the acting manager of Lytton Estates and Lytton Winery did not have authority to sell the Rancho California property because the sale of the Rancho California Property was not actually voted on nor authorized by all the other partners and in particular was not authorized by the Limited

10

1   Partners (Plaintiffs herein).

2   49.   Any sale agreement entered into by Lytton Estates or by Maribeth Levine is not binding

3   on Lytton Winery nor on the limited partners pursuant to California Corporations code

4   section 15904.02 because it is not for the intended purpose that Lytton Winery was

5   created.  Lytton Winery's intended purpose was  "to own and operate a winery in

6   Temecula..." as indicated in Article I, section 1.3 of the Agreement of Limited

7   Partnership of Lytton Vineyard & Winery, LP (Exhibit 1 herein.)

8   50.    The purported sale of the Rancho California property (Exhibit 16) defeats the purpose

9   and intent of the Lytton Winery  and is not binding on Lytton Winery nor on the Plaintiffs

10   herein.

11   51.   The purported sale of the Rancho California property will destroy and terminate Lytton

12   Vineyard & Winery LP as the Rancho California property is in fact the heart of Lytton

13   Winery and which was placed for sale without any consent, knowledge or vote from

14   Plaintiffs.

15   52.   The Rancho California property is the major asset of Lytton Winery and in selling the

16   Rancho California property, Lytton Winery will terminate and the purpose and intent of

17   Lytton Winery will be destroyed. The specific purpose of Lytton Winery is specifically

18   stated in Exhibit 1, Article I, section 1.3 as follows: "The purpose of the Partnership shall

19   be to own and operate a winery in Temecula..."

20   53.   The proposed sale of the Rancho California property (Exhibit 16) is in violation of

21   California Corporations code section 15904.02 (b), Corporations code section 16801,

22   Corporations code section 15509, (1)(b).

23   **CONFUSION AS TO WHO HAS THE POWER TO ACT**

24   54.   There is confusion as to who is the general partner of Lytton Winery. Exhibit 1, Article I,

25   section 1.6 indicates that the General Partner is "Lytton Vineyard & Winery, LP."

26   However, Exhibit 1, Article II, section 2.12 identifies the General Partner as "Lytton

27   Estates LLC".  Therefore, it appears that two general partners are named in the Lytton

28   11

1    Winery Limited Partnership Agreement.

2  55.  Defendant Lytton Estates was and is one of the General Partners for defendant Lytton

3    Vineyard & Winery, LP. a  California Limited Partnership (referred to as Lytton Winery)

4    as indicated on Exhibit 2, Article II, section 2.5 of the Operating Agreement for Lytton

5    Estates (Exhibit 4.)

6  56.  The Limited Partnership Agreement of Lytton Winery (Exhibit 1) also provides that the

7    general partner for Lytton Winery is Lytton Estates as indicated on page 1 of Exhibit 1 of

8    the Limited Partnership Agreement of Lytton Winery and as indicated on Article II,

9    section 2.12 of the Limited Partnership Agreement of Lytton Vineyard. However, the

10    second partner named in the Lytton Winery Limited Partnership Agreement is Lytton

11    Vineyard & Winery LP itself.

12                    **PURPOSE OF CREATION OF LYTTON WINERY**

13  57.  At all times mentioned herein, Lytton Winery was created pursuant to an Agreement of

14    Limited Partnership of Lytton Vineyard & Winery, LP (Exhibit 1.)

15  58.  The purpose of Lytton Winery was to own and operate a winery in Temecula and related

16    business as indicated on Exhibit 1, Article I, section 1.3 of the Limited Partnership

17    Agreement of Lytton Vineyard & Winery LP.

18  59.  Pursuant to the terms of Exhibit 1, the Limited Partnership Agreement of Lytton Winery,

19    the limited partners were required to make monetary contributions up to the sum of

20    $1,000,000 per unit as described in Article III, section 3.1 of the Limited Partnership

21    Agreement of Lytton Winery (Exhibit 1.)

22  60.  The purpose of the investments of the Plaintiffs herein in Lytton Winery was for said

23    limited partners to be able to file EB-5 immigration category permanent residence

24    petitions (aka petitions for green cards) in the Unites States based on their investment, or

25    otherwise alluded to in Exhibit 1, Article I, section 1.9 regarding the conditions for

26    admission by the Limited Partners.  The sale of the Rancho California property means

27    that the underlying qualification for immigrant petitions is removed and the purpose and

28                                                                                                12

intent of the creation of the Lytton Winery have been destroyed  as to all Plaintiffs.
Furthermore, the family members of Plaintiffs herein will face deportation. Consequently,
it is not just the financial harm that Plaintiffs and their families will face but also the loss
of about 10 years of time investment in the process of obtaining lawful permanent status
in the United States.

## LIMITED PARTNERS AND THEIR INVESTMENTS

61.   The following Plaintiffs are the limited partners of Lytton Vineyard & Winery LP
(hereinafter sometimes referred to as Lytton Vineyard) who have invested substantial
amounts of money in Lytton Vineyard:

    a.    Zhang Zhihong invested $500,000.00.

    b.    Tong Jin invested $500,000.00.

    c.    Yunning Zhao invested $500,000.00.

    d.    Yang Mei invested $500,000.00..

    e.    Chunting Wang invested $500,000.00.

62.   Lytton Estates LLC, the Lytton Family Trust FBO Maribeth Levine and others related to
Sheldon H. Lytton claimed to have invested additional monies in sums yet to be
ascertained and in violation of the representations in the Letter of Intent referred to herein
as Exhibit 6.

63.   Plaintiffs invested a combined total of two and one half million dollars ($ 2,500,000.00)
between them in order to purchase the Rancho California property.  Therefore, Plaintiffs
are the constructive owners and/or the beneficial owners and/or equitable owners of the
property owned by Lytton Vineyard & Winery LP.

## INVESTMENT OF THE LYTTON FAMILY TRUST

64.   Pursuant to the Letter of Intent dated February 3, 2014, Exhibit 6, the Lytton Family Trust
was supposed to invest $1,000,000 in the Lytton Vineyard & Winery LP. On information
and belief, Plaintiffs herein have no knowledge as to whether or not the Lytton Family
Trust in fact invested $1,000,000 in Lytton Vineyard & Winery LP.

13

1

**PRIMARY ASSET OF LYTTON VINEYARD & WINERY LP**

2   65.    The primary asset owned by Lytton Winery is the real estate property wherein the winery

3           is located and which is the subject matter of the action herein, and is located at 34567

4           Rancho California Road, Temecula, CA. 92591-5056.

5

**PURPORTED TERMINATION OF LYTTON WINERY IS VOID**

6   66.    Lytton Winery was to continue until terminated by various occurrences including the sale,

7           transfer or other disposition of all or substantially all of the Partnership's assets as

8           permitted in Article I, section 1.5 and 1.5(b) of the Limited Partnership Agreement of

9           Lytton Winery or the vote of the Majority of the Limited Partners to dissolve the limited

10          Partnership as indicated in Article I, section 1.5 ( c)of Exhibit 1.

11  67.    The majority of the Limited Partners is defined by Section 2, article 2.15 of the Limited

12          Partnership of Lytton Winery (Exhibit 1) to mean more than 50% of the total outstanding

13          Limited Partners interests.

14  68.    Plaintiffs are informed and believe and thereon allege that there was no majority

15          agreement to terminate Lytton Winery and to sell the Rancho California property prior to

16          offering the Rancho California property for sale.  Therefore, the proposed sale of the

17          Rancho California property is void and illegal ab initio.

18  69.    The term "sale" was identified in Article II, section 2.22 of the Limited Partnership

19          Agreement of Lytton Winery (Exhibit 1) to mean sales, exchanges or other disposition of

20          real or personal property not in the ordinary course of business.

21  70.    The sale of wine and wine related products are the ordinary course of business of the

22          Lytton Winery.  The sale of real estate is not in the ordinary course of business of Lytton

23          Winery and therefore a vote was required to be taken before the sale of Lytton Winery

24          and the Rancho California property.

25

**AGREEMENT NOT TO DISPOSE OF LYTTON WINERY ASSETS**

26  71.    Plaintiffs are informed and believe and thereon allege that by signing the Operating

27          Agreement for Lytton Estates (Exhibit 4), the manager of Lytton Estates agreed that it

28                                                                                            14

will not take any action that would make it impossible to carry on the ordinary business of Lytton Estates, that it will not dispose of all or a substantial part of the Company's assets not in the ordinary course of business, that it will not dissolve Lytton Estates, that it will not incur any debt not in the ordinary course of business, that it will not incur any contractual obligation or capital expenditure with a total cost of more than $ 25,000.00 without consent from a majority of the members thereto as indicated in Article V, section 5.4 of the Limited Partnership Agreement of Lytton Winery Exhibit 1.

## DEFENDANT LYTTON ESTATES

72.    Lytton Estates was originally owned by Sheldon H. Lytton in an amount of fifty percent (50 %) of Lytton Estates and Maribeth Levine in an amount of fifty percent (50%) of Lytton Estates as indicated in Exhibit C of the Operating Agreement for Lytton Estates (Exhibit 4) and therefore both Lytton Estates and Maribeth Levine were aware of the purpose of the creation of Lytton Winery.

73.    Lytton Estates with an alleged investment of 22 million dollars ($22,000,000.00), was coming in as the General Partner of the Lytton Winery as indicated on Exhibit C of Exhibit 4.  Plaintiffs are unaware as to whether or not 22 million dollars was in fact invested in Lytton Estates as indicated in Exhibit C of Exhibit 4.

74.    Pursuant to the terms of the Limited Partnership Agreement of Lytton Vineyard (Exhibit 1), the General Partner (Lytton Estates) was required to make monetary contributions in any amounts reasonably necessary or appropriate for the Partnership to pay, when due, any costs, expenses or liabilities of the Lytton Winery Partnership to the extent that such costs or expenses are in excess of the cash receipts of the Lytton Winery as indicated in Article III, section 3.2 of the Limited Partnership Agreement of Lytton Vineyard & Winery LP (Exhibit 1.) Lytton Estates represented its ability to do so by claiming Lytton Estates had invested 22 million dollars in Lytton Estates (Exhibit 4.)

75.    As indicated on Article IV, section 4.1 of the Limited Partnership Agreement of Lytton Vineyard (Exhibit 1), the General Partner (Lytton Estates) shall own 40% (forty percent)

15

of Lytton Winery and the limited partners shall own 60% of Lytton Vineyard.

76.    The General Partner of Lytton Winery does not have majority vote to dissolve Lytton Winery or to sell the primary asset of Lytton Winery and knowing that it lacks the required majority to vote, failed and refused to give Notice to the limited Partners.

77.    As indicated on Article VII, section 7.1, the limited partners of Lytton Winery had no participation in management of Lytton Winery. However, the limited partners of Lytton Winery shall have the power to vote on the sale, transfer or other disposition of all or substantially all of the Partnership's Assets as indicated on Article I, section 1.5(b) of the Limited Partnership Agreement of Lytton Vineyard.

78.    Lytton Estates, as a general partner of Lytton Winery is not entitled to remuneration for services performed for Lytton Winery pursuant to Corporations code section 15904.06(f) of the Uniform Limited Partnership Act of 2008.

**STANDING FOR CONSTRUCTIVE TRUST**

79.    Each Plaintiff herein is a limited partner in Lytton Winery and invested a substantial amount of time and money to become a Limited Partner in Lytton Winery with the specific stated intent and purpose of filing for an EB-5 immigration category permanent residency Petition. The purpose and intent of the investment in Lytton Winery by the Plaintiffs herein was communicated to defendants all along.

80.    The investments by Plaintiffs (2.5 million dollars) herein were used to purchase the Rancho California property.

81.    Looking at it in retrospect, the investments made by Plaintiffs were obtained under false pretenses, misrepresentations and false promises made to the Plaintiffs herein by defendants.  Therefore, the 2.5 million dollars obtained from Plaintiffs herein under false pretenses, misrepresentations, concealment and false promises was used to buy the Rancho California property.

82.    Xia & Associates Inc. is the holder of a General Power of Attorney from each of the Limited Partners (Plaintiffs herein) but is not a party to this action.

16

83. Defendant Maribeth Levine was part owner of Lytton Estates from the beginning and has taken management of Lytton Estates, LLC after the death of Sheldon H. Lytton and is the current manager of Lytton Winery.

84. Defendant Lytton Vineyard & Winery LP is named as a party defendant to this action in so far as it appears that there is a conflict between Lytton Vineyard & Winery LP and the actual limited partners because Lytton Winery has allowed the Lytton Winery and the Rancho California property to be listed for sale without notice to the Limited Partners.

85. Defendant Lytton Vineyard & Winery LP is controlled by Lytton Estates LLC and Lytton Estates LLC is controlled by Maribeth Levine. All these named defendants are acting in direct conflict with the purpose and intent of the creation of Lytton Winery and the interests of the limited Partners listed as Plaintiffs herein in that they are trying to sell the major asset belonging to the Limited Partnership known as Lytton Vineyard & Winery LP.

86. In view of the allegations made which include fraud in the inducement, false representations, promises made without intent to keep them, in order to get Plaintiffs to invest a combined total of 2.5 million dollars, plaintiffs are entitled to and are requesting that a constructive trust be created on the Lytton Winery and the Rancho California property, as well as the right to file a Notice of Lis Pendens during the litigation of this action.

## DAMAGES

87. Plaintiffs are informed and believe and thereon allege that the General Partner of Lytton Winery (Lytton Estates LLC), and the acting manager of Lytton Estates LLC, Maribeth Levine, are actively trying to sell the only and most substantial asset of Lytton Winery (See Exhibit 16) without the consent of the limited partners, Plaintiffs herein.

88. The sale of Lytton Winery will destroy the purpose and intent of the creation of Lytton Vineyard and Winery LP and will destroy the reason for the investment by the limited partners named above (Plaintiffs herein.) The purpose and intent for the Limited Partners

17

(Plaintiffs above) were to invest money that would qualify them for an EB-5 immigration category permanent residency petition to the United States.

## SALE OF WINERY WILL CAUSE TERMINATION
## OF THE LIMITED PARTNERSHIP

89. The sale of the Rancho California property will for all practical purposes cause the dissolution and termination of the Lytton Vineyard & Winery LP because the Rancho California property is the major assets of the Lytton Vineyard & Winery LP.

90. The sale of the Rancho California property will cause irreparable harm and damages to Plaintiffs herein because it involves real estate that is unique and cannot be replaced and will destroy the ability to complete the EB-5 immigration petition requirements on part of Plaintiffs since they have not completed the EB-5 immigration process that can take up tp 10 years.

## CONFUSING TERMS USED IN THE DOCUMENTS

91. On information and belief, many of the limited partners speak no English or basic English at most, they did not go to school in the United States and they have no legal background. Defendants knew of the limited education of the limited partners and used said fact to perpetrate a fraud as discussed below and/or to obtain signatures under false pretenses in the Limited Partnership Agreement (Exhibit 1), in the PPM (Exhibit 2), in Exhibit 4 and in the Letter of Intent, Exhibit 6 by using confusing terms at times, contradictory terms at times, difficulty to understand terms at times, and limiting the involvement of the Plaintiffs herein.

92. The true meaning of the Limited Partnership Agreement for the Lytton Vineyard & Winery LP is confusing, at times contradictory and contrary to representations made in other documents and defendants used said fact to mislead the Plaintiffs into signing documents (Exhibits 1, 2, and 6) that are in issue at this time.

18

**PLD-C-001(1)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ZHIHONG ZHANG v. Lytton Vineyard & Winery LP | |

<u>FIRST</u>          **CAUSE OF ACTION—Breach of Contract**
*(number)*

ATTACHMENT TO   ☑ Complaint   ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name):* ZhiHong Zhang, Tong Jin, Yunning Zhao, Mei Yang, Chunting Wang

alleges that on or about *(date):* SEPTEMBER 20, 2013   AND AT SUBSEQUENT DATES THEREAFTER
a ☑ written   ☐ oral   ☐ other *(specify):*
agreement was made between *(name parties to agreement):*
ZHI HONG ZHANG, TONG JIN, YUNNING ZHAO, MEI YANG, CHUNTING WANG, AND LYTTON ESTATES LLC, SHELDON H. LYTTON,
& LYTTON VINEYARD & WINERY LP
☐ A copy of the agreement is attached as Exhibit A, or
☑ The essential terms of the agreement   ☐ are stated in Attachment BC-1   ☑ are as follows *(specify):*
DESCRIBED IN THE ALLEGATIONS COMMON TO ALL CAUSES OF ACTION AND IN THE INDIVIDUAL CAUSES OF ACTION
ATTACHED THERETO.

OTHER PLAINTIFFS SIGNED CONTRACTS AT DIFFERENT TIMES AS INDICATED IN THE ALLEGATIONS COMMON TO ALL
CAUSES OF ACTION WITH THE PURPOSE AND INTENT OF PROCESSING AN IMMIGRATION PETITION.

BC-2. On or about *(dates):* JULY 3, 2024
defendant breached the agreement by   ☐ the acts specified in Attachment BC-2   ☑ the following acts
*(specify):*
BY ENTERING INTO A SALES AGREEMENT FOR THE SALE OF THE RANCHO CALIFORNIA PROPERTY,
WHICH IS THE MAJOR ASSET OF THE LYTTON VINEYARD & WINERY LP AND AS MORE FULLY DESCRIBED
IN THE ALLEGATIONS COMMON TO ALL CAUSES OF ACTION AND THE FIRST CAUSE OF ACTION.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
☐ as stated in Attachment BC-4   ☑ as follows *(specify):*
IRREPARABLE DAMAGE TO EB-5 OR OTHER IMMIGRATION PETITIONS, IRREPARABLE LOSS OF PROPERTY
WHICH IS THE QUALIFYING PROPERTY FOR THE IMMIGRATION PETITIONS FOR MOST PLAINTIFFS
BECAUSE THE DEFENDANT LYTTON VINEYARD & WINERY LP OPERATES THE QUALIFYING PROPERTY
DESCRIBED AS THE RANCHO CALIFORNIA PROPERTY IN THE ALLEGATIONS COMMON TO ALL CAUSES
OF ACTION.

BC-5. ☑ Plaintiff is entitled to attorney fees by an agreement or a statute
☐ of $
☑ according to proof.

BC-6. ☑ Other:
PLEASE SEE ALLEGATIONS COMMON TO ALL CAUSES OF ACTION AND FIRST CAUSE OF ACTION

Page 19

Page 1 of 1

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-C-001(1) [Rev. January 1, 2007] | **CAUSE OF ACTION—Breach of Contract** | Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov |
|---|---|---|

1  **CASE: ZHIHONG ZHANG V. LYTTON WINERY**

2  <u>**SECOND CAUSE OF ACTION**</u>

3  **(MISMANAGEMENT ON PART OF THE LYTTON ESTATES,**

4  **MARIBETH LEVINE AND LYTTON WINERY)**

5  As a separate and distinct cause of action, Plaintiffs hereby incorporate the allegations

6  common to all causes of action and the first cause of action as though fully set forth herein.

7  1.   Maribeth Levine is the current manager of Lytton Estates, the General partner of Lytton

8      Winery and is therefore the actual manager of Lytton Winery.

9  2.   Plaintiffs are informed and believe and thereon allege that the General Partner Lytton

10     Estates and/or the general manager Maribeth Levine and/or the management of Lytton

11     Winery, and Lytton Winery itself, as the limited partnership entity, failed to comply with

12     the general duties as well as the fiduciary duties as owed to the Limited Partners in the

13     following manner:

14     a.   After the Plaintiffs herein, as limited partners had invested a combined total of

15          two and one half million dollars ($ 2,500,000.00), Lytton Estates and/or Maribeth

16          Levine, and/or Lytton Winery, failed to call for a vote of the Limited Partners of

17          Lytton Winery before placing the Rancho California property for sale.

18     b.   Lytton Estates and/or Maribeth Levine, and/or Lytton Winery, failed to recognize

19          that the sale of the Rancho California property itself will cause the dissolution and

20          termination of the Limited Partnership known as the Lytton Winery and therefore

21          a majority vote was required prior to placing it for sale.

22     c.   Plaintiffs are informed and believe and thereon allege that Lytton Estates and/or

23          Maribeth Levine, and/or Lytton Winery, failed to make sure all investments that

24          were called for to be made were in fact made.  In particular, and on information

25          and belief, the Lytton Estates and/or Maribeth Levine and/or Lytton Winery,

26          failed to make sure Lytton Estates LLC contributed the investment it was

27

28                                                                                  20

1        supposed to contribute to Lytton Winery as required by Article I, section 1.9 of the

2        Limited Partnership Agreements of Lytton Winery (Exhibit 1.)

3    d.    Plaintiffs are informed and believe and thereon allege that Lytton Estates and/or

4        Maribeth Levine, and/or Lytton Winery, failed to make sure all investments that

5        were called to be made were in fact made.  In particular, and on information and

6        belief,  Lytton Estates and/or Maribeth Levine, and/or Lytton Winery, failed to

7        make sure the Lytton Family Trust contributed the $1,000,000.00 investment it

8        contracted to contribute to Lytton Winery as required by the Letter of Intent dated

9        February 3, 2014  (Exhibit 5.)

10    e.    Lytton Estates and/or Maribeth Levine, and/or Lytton Winery, failed to provide

11        timely financial information to the limited partners (plaintiffs herein) regarding

12        the financial affairs of Lytton Winery.

13    f.    Lytton Estates and/or Maribeth Levine, and/or Lytton Winery, failed to provide

14        timely financial information regarding the debts that had accumulated in Lytton

15        Winery.

16    g.    Lytton Estates and/or Maribeth Levine, and/or Lytton Winery, allowed debts to

17        accumulate that placed Lytton Winery in a precarious position that they now claim

18        causes the need for the Rancho California property to be sold.

19    h.    Lytton Estates and/or Maribeth Levine, and/or Lytton Winery, failed to recognize

20        the purpose and intent of the limited partners in investing a combined two and one

21        half million dollars ($ 2,500,000.00) in the Lytton Winery even though Lytton

22        Estates and/or Maribeth Levine, and/or Lytton Winery, knew and were aware of

23        the substantial investment of the limited partners and were aware and knew that

24        the investment was done for the limited partners to qualify for an EB-5

25        immigration category permanent residency immigrant petition.

26    i.    A representative of Lytton Estates and/or Maribeth Levine, and/or a representative

27

28        21

1    of Lytton Winery, failed to live on or near the premises of Lytton Winery and

2    therefore, failed to properly supervise or attend to the business of the Lytton

3    Winery.

4    j.    Lytton Estates and/or Maribeth Levine, and/or Lytton Winery, were aware of and

5    failed to maintain a total of 60 employees employed at Lytton Winery that were

6    needed as qualification for 6 of the Plaintiffs herein to process their EB-5

7    immigration categorypermanent residency petitions.

8  3.    Plaintiffs allege that the sale of the Lytton Winery will result in the forced dissolution and

9    termination of the limited partnership known as Lytton Winery because the primary and

10    most valuable asset of the Lytton Winery is the actual winery and the real estate which is

11    located at the Rancho California property. Once the Rancho California property is sold,

12    there is no purpose for the existence of the Lytton Winery LP.

13  4.    Plaintiffs are informed and believe and thereon allege that the sale of the Winery and the

14    Rancho California property required a majority vote of the limited partners, that no vote

15    was taken before the decision was made to sell the Winery and the Rancho California

16    property and therefore, the proposed sale of the Rancho California property must be

17    rescinded.

18  5.    Plaintiffs have been damaged and will suffer irreparable damage in that they will lose the

19    Rancho California property and the Lytton Winery, and on information and belief they

20    will lose their right to continue with an EB-5 and other immigrant petition and will also

21    lose part or all of their investment.

22

23

24

25

26

27

28    22

**CASE: ZHIHONG ZHANG V. LYTTON WINERY**

**THIRD CAUSE OF ACTION**

**(TO SET ASIDE THE SALE OF THE LIMITED PARTNERSHIP MAIN ASSET**

**BASED ON FAILURE TO CALL FOR A MAJORITY VOTE AND**

**FAILURE TO HAVE CONSENT THERETO)**

As a third and separate cause of action, Plaintiffs incorporates the allegations common to all causes of action, and the first and second causes of action as though fully set forth herein.

1. The proposed sale of the Rancho California property will cause the dissolution and termination of the Lytton Winery (limited partnership.)

2. The proposed sale of the Winery and the Rancho California property was performed without calling for a majority vote as required and without consent from the Limited Partners or Plaintiffs herein.

3. The proposed sale of the Winery was performed without taking into consideration the purpose and intent of the Limited Partners in investing into Lytton Winery and contributing two and one half million dollars to purchase the Rancho California property in order to qualify for an EB-5 immigration category permanent residency Petitions. The proposed sale of the Winery and the Rancho California property will cause the dissolution and termination of the Lytton LP (limited partnership) which in turn will cause irreparable damage to Plaintiffs in that Plaintiffs stand to lose the foundation to qualify for EB-5 immigration category permanent residency petitions. Therefore, the sale of the Winery and the Rancho California property must be set aside in order to protect the interests of the Limited Partners and Plaintiffs herein. This request is pursuant to Civil Code section 3412.

4. Lytton Estates and/or Maribeth Levine, and/or Lytton Winery did not have consent of the majority of the limited partners in that Plaintiffs herein own 60% of Lytton Winery.

5. As a remedy for their actions, Plaintiffs request the imposition of a constructive trust on the Lytton Winery and the Rancho California property.

23

**CASE: ZHIHONG ZHANG V. LYTTON WINERY**

## **FOURTH CAUSE OF ACTION**

### **(TO SET ASIDE THE REAL ESTATE SALES AGREEMENT**
### **BECAUSE OF BREACH OF FIDUCIARY DUTY)**

Plaintiffs refer to and incorporate the allegations common to all causes of action, the first, second and third causes of action as though set forth in full herein and as a separate and distinct cause of action allege as follows:

1.    At all relevant times mentioned herein, Lytton Estates was and is the general partner of Lytton Winery, a limited partnership and as such owed a fiduciary duty to Lytton Winery and Plaintiffs as the limited partners.

2.    At all relevant times mentioned herein, Maribeth Levine was the actual manager and holder of control and/or an ownership and/or beneficial interest in Lytton Winery and as such owed a fiduciary duty of care to Plaintiffs, as limited partners of Lytton Winery.

3.    Plaintiffs are informed and believe and thereon allege that the breach of fiduciary duty include but are not limited to the following:

    a.    They did not corroborate the investment of the Lytton Family Trust in the sum of one million dollars ($1,000,000.00.)

    b.    Attempting to sell the Winery and the Rancho California property without calling for a majority vote of the limited partners.

    c.    Attempting to sell the Winery and the Rancho California property without consent of the majority of the limited partners.

    d.    Failing to disclose timely financial information to the limited partners.

    e.    Concealing from the limited partners the financial condition of the Lytton Winery.

    f.    Failing to recognize that the proposed sale of the Lytton Winery and the Rancho California property will cause the dissolution or termination of Lytton Winery.

    g.    Failing to recognize that the proposed sale of the Winery and the Rancho California property will be in direct contradiction to the intent and purpose of the investments on part of the Plaintiffs herein.

24

h.    Failing to disclose that defendants have no authority to sell the Lytton Winery and the Rancho California property.

i.    Failing to recognize that the Winery and the Rancho California property are the major assets of the Lytton Winery and as such it would destroy Lytton Winery and the investments on part of the limited partners herein.

j.    Failing to recognize that the proposed sale violates Corporations code section 15509(1)(b).

k.    Failing to recognize that there had been an agreement from the beginning not to sell or dispose of the Lytton Winery.

l.    Failing to make sure that the General Partner Lytton Estates, (who was receiving 40 % of Lytton Winery) was in fact in good financial standing as it claimed to have invested 22 million dollars in Lytton Estates.

m.    Refusing to perform on the agreement made by Lytton Estates to pay the expenses necessary to be paid when the Lytton Winery did not have the finances to make those payments as required by paragraph 60 of Exhibit 2.

n.    Failing to call for a majority vote as required.

4.    Plaintiffs are informed and believe and thereon allege that Defendants, Lytton Estates and/or Maribeth Levine, and/or Lytton Winery, and each of them, have obtained or will obtain a windfall and are poised to obtain a windfall that was not intended to be conveyed to them while Plaintiffs suffer damages, risk the success of the EB-5 immigration categfopry permanent residency petitions, as well as financial damages as shown at trial.

5.    As a remedy for the breach of the fiduciary duties, Plaintiffs request the imposition of constructive trust on the Rancho California property and the Lytton Winery because the money from the Plaintiffs herein was used to purchase the Rancho California property wherein a winery is located.

6.    Civil code § 2224 provides that "[o]ne who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he or she has some other and better right thereto, an involuntary trustee of the thing gained, for the

25

benefit of the person who would otherwise have had it."

7. Sheldon H. Lytton, Maribeth Levine, Lytton Estates, Lytton Winery, obtained two and one half million dollars ( $2,500,000.00) from Plaintiffs herein as a result of the misrepresentations, concealment, breach of fiduciary duty, undue influence, mismanagement on part of these individuals and entities.

8. Title to the Rancho California property is currently in the name of Lytton Winery and Lytton Estates and Maribeth Levine are in the process of selling the Rancho California property contrary to the very purpose and intent of the creation of Lytton Winery and the investment of two and one half million dollars ($2,500,000.00) on part of Plaintiffs herein.

9. Plaintiffs request the Court to hold Lytton Winery, Lytton Estates and Maribeth Levine as constructive trustees of the Lytton Winery and the Rancho California property and to hold said property for the benefit of Plaintiffs herein and to return said property to Plaintiffs.

10. Plaintiffs are also requesting any and all income derived from the Rancho California property and/or the Lytton Winery and for the Court to hold Lytton Winery, Lytton Estates,  Maribeth Levine as constructive trustees for the benefit of Plaintiffs herein.

26

PLD-C-001(3)

| SHORT TITLE: ZHIHONG ZHANG v. Lytton Winery | CASE NUMBER: |
|---|---|

FIFTH _____     **CAUSE OF ACTION—Fraud**
_____(number)_____

ATTACHMENT TO ☑ Complaint ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

FR- 1. Plaintiff *(name)*: ZhiHong Zhang, Tong Jin, Yunning Zhao, Mei Yang, Chunting Wang

alleges that defendant *(name)*: LYTTON VINEYARD & WINERY LP, A CALIFORNIA LIMITED PARTNERSHIP, LYTTON ESTATES LLC,
A CALIFORNIA LIMITED LIABILITY COMPANY, MARIBETH LEVINE, ESTATE OF LYTTON H. SHELDON, AND DOES 1-50

on or about *(date)*: SEPTEMBER 20, 2013 & AFTER    defrauded plaintiff as follows:

FR-2. ☑ **Intentional or Negligent Misrepresentation**
　　a. Defendant made representations of material fact    ☑ as stated in Attachment FR-2.a    ☑ . as follows:
　　　AND AS ALLEGED IN THE ALLEGATIONS COMMON TO ALL CAUSES OF ACTION AND AS FURTHER ALLEGED IN THE ATTACHED FOURTH CAUSE OF
　　　ACTION (CONTINUED)

　　　THE FRAUD WAS CONTINUING AND WAS NOT DISCOVERED UNTIL ON OR ABOUT JULY 3, 2024 WHEN DEFENDANT AGREED TO SELL THE LYTTON
　　　WINERY AND THE RANCHO CALIFORNIA PROPERTY WITH NO MAJORITY VOTE AND NO CONSENT FROM THE LIMITED PARTNERS. THE LIMITED
　　　PARTNERS HAD NO PARTICIPATION IN THE OPERATION OR MANAGEMENT OF LYTTON WINERY AND THEREFORE HAD NO REASON TO SUSPECT ANY
　　　FRAUD UNTIL THEY DISCOVERED THE LYTTON WINERY AND THE RANCHO CALIFORNIA PROPERTY WAS BEING SOLD.

　　b. These representations were in fact false. The truth was    ☐ as stated in Attachment FR-2.b    ☑ as follows:
　　　AS INDICATED IN THE ATTACHED FOURTH CAUSE OF ACTION CONTINUED AS FR-2.B.

　　c. When defendant made the representations,
　　　☑ defendant knew they were false, or
　　　☑ defendant had no reasonable ground for believing the representations were true.

　　d. Defendant made the representations with the intent to defraud and induce plaintiff to act as described
　　　in item FIR-5. At the time plaintiff acted, plaintiff did not know the representations were false and believed
　　　they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

FR-3. ☑ **Concealment**
　　a. Defendant concealed or suppressed material facts    ☑ as stated in Attachment FR-3.a    ☐ as follows:

　　b. Defendant concealed or suppressed material facts
　　　☑ defendant was bound to disclose.
　　　☑ by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed
　　　　or suppressed facts.
　　c. Defendant concealed or suppressed these facts with the intent to defraud and induce plaintiff to act
　　　as described in item IFIR-5. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed
　　　facts and would not have taken the action if plaintiff had known the facts.

Page 27

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Fraud**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-C-001(3)

| SHORT TITLE: ZHIHONG ZHANG v. Lytton Winery | CASE NUMBER: |
|---|---|

FIFTH                                    CAUSE OF ACTION—Fraud
_(number)_

FR-4. ☑ **Promise Without Intent to Perform**
      a. Defendant made a promise about a material matter without any intention of performing it ☑ as stated
      in Attachment FR-4.a ☐ as follows:

      b. Defendant's promise without any intention of performance was made with the intent to defraud and induce
      plaintiff to rely upon it and to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of
      defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promise.

FR-5. In justifiable reliance upon defendant's conduct, plaintiff was induced to act ☑ as stated in Attachment FR-5
      ☑ as follows:
IN SUMMARY, PLAINTIFFS INVESTED $2,500,000 DOLLARS AND COMMENCED TO PROCESS EB-5
IMMIGRATION CATEGORY PERMANENT RESIDENCY PETITIONS. PLAINTIFFS HAVE WAITED YEARS AND
YEARS TO PROCESS THEIR EB-5 IMMIGRATION CATEGORY PERMANENT RESIDENCY PETITIONS.

FR-6. Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged ■■■ as stated in
      Attachment FR- 6 ☐ as follows:
IN SUMMARY: UPON THE SALE OF THE RANCHO CALIFORNIA PROPERTY (THE MAIN ASSET OF THE LYTTON
WINERY,) PLAINTIFFS ARE IN DANGER OF LOSING THE UNDERLYING QUALIFICATIONS FOR EB-5 IMMIGRATION
CATEGORY PERMANENT RESIDENCY PETITIONS AND ARE IN DANGER OF LOSING THEIR INVESTMENT AFTER
WAITING FOR MORE THAN 10 YEARS.
THE INVESTMENTS FROM PLAINTIFFS WERE USED TO PUCHASE THE RANCHO CALIFORNIA PROPERTY AND
THE WINERY IN IT THEREFORE, PLAINTIFFS REQUEST THE IMPOSITION OF A CONSTRUCTIVE TRUST ON THE
RANCHO CALIFORNIA PROPERTY.

FIR - 7. Other:
DEFENDANTS USED $2.500,000 RECEIVED FROM PLAINTIFFS IN ORDER TO BUY THE RANCHO CALIFORNIA
PROPERTY AND THE WINERY IN IT. THE MONEY OBTAINED FROM PLAINTIFFS WAS BASED ON FRAUD IN THE
INDUCEMENT, FALSE PROMISES, MISREPRESENTATIONS, AND CONCEALMENT WHICH PERMITS THE COURT
TO IMPOSE A CONSTRUCTIVE TRUST ON THE RANCHO CALIFORNIA PROPERTY.

Page 28

**CAUSE OF ACTION—Fraud**

**CASE: ZHIHONG ZHANG  V. LYTTON WINERY**

**FIFTH CAUSE OF ACTION (CONTINUED)**

**(MISREPRESENTATION AND FRAUD IN THE INDUCEMENT**

ATTACHMENT FR-1

1. Plaintiffs are informed and believe and thereon allege that on September 20, 2013, Sheldon H. Lytton created the Limited Partnership Agreement of Lytton Winery as indicated on Exhibit 1.

2. Plaintiffs are informed and believe and thereon allege that on September 30, 2013, Sheldon H. Lytton created the Private Placement Memorandum for Lytton Winery as shown on Exhibit 2.

3. Plaintiffs are informed and believe and thereon allege that on October 10, 2013, Sheldon H. Lytton filed the Articles of Organization for Lytton Estates, LLC with the California Department of Corporations as shown on Exhibit 3.

4. Plaintiffs are informed and believe and thereon allege that on October 13, 2013, Sheldon H. Lytton and/or Maribeth Levine created the Operating Agreement for Lytton Estates LLC which is signed by both Sheldon H. Lyttona nd Maribeth Levine as shown by Exhibit 4.

5. Plaintiffs are informed and believe and thereon allege that on October 21, 2013, Sheldon H. Lytton filed the Certificate of Limited Partnership of Lytton Winery with the California Department of Corporations as shown on Exhibit 5.

6. Plaintiffs are informed and believe and thereon allege that on February 3, 2014, Sheldon H. Lytton created the Letter of Intent regarding investments in Lytton Winery as shown on Exhibit 6.

7. Plaintiffs are informed and believe and thereon allege that on February 21, 2014, Sheldon H. Lytton filed an Amendment to Certificate of Limited Partnership with the California Department of Corporations indicating that Lytton Vineyard & Winery LP had been

29

1    changed MSL Partners as shown on Exhibit 7.

2   8.    Plaintiffs are informed and believe and thereon allege that on March 14, 2014, Sheldon

3    H. Lytton filed an Amendment to Certificate of Limited Partnership with the California

4    Department of Corporations indicating that MSL Partners had been changed back to

5    Lytton Vineyard & Winery LP as shown on Exhibit 8.

6   9.    On March 2, 2014, Yunning Zhao (the first Limited Partner of Lytton Winery) paid five

7    hundred thousand dollars ($ 500,000.00) to Lytton Winery as indicated on Exhibit 9.

8   10.   On March 28, 2014, Lytton Winery issued a receipt for the five hundred thousand dollars

9    paid by Yunning Zhao as indicated on Exhibit 9.

10   11.   On April 1, 2014, Lytton Winery purchased the Rancho California property from the

11    Skate Ranch and a Grant Deed reflecting the purchase of the Rancho California property

12    was recorded as shown on Exhibit 10.

13   12.   After the death of Sheldon H. Lytton, Maribeth Levine filed an Amendment to Certificate

14    of Limited Partnership of Lytton Winery indicating she was the managing partner of

15    Lytton Estates LLC as shown by Exhibit 13.

16   13.   On February 6, 2015, Lytton Winery, by and through the General Partner Lytton Estates

17    LLC,  borrowed 5 million dollars ($5,000,000.00) construction loan from Commerce

18    Bank of Temecula as indicated in Exhibit 14.

19   14.   On July 25, 2016, Lytton Winery, by and through the General Partner Lytton Estates

20    LLC,  borrowed $ 1,825,000.00 dollars from American AGCredit, PCA as indicated in

21    Exhibit 15.

22   15.   On July 2, 2024, Lytton Winery, by and through the General Partner Lytton Estates LLC,

23    and signed by Maribeth Levine, signed a Commercial Purchase Agreement and agreed to

24    sell the Lytton Winery and the Rancho California property for the sum of twelve million

25    dollars ($12,000,000.00) as shown on Exhibit 16.

26   16.   Defendant Sheldon H. Lytton presented the Limited Partnership Agreement for Lytton

27

28                                           30

Winery (Exhibit 1), presented the PPM of Lytton Winery (Exhibit 2), presented the
Operating Agreement for Lytton Estates (Exhibit 4), presented the Letter of Intent of
Lytton Winery (Exhibit 6) to Maria Xia who turned said documents over to the Limited
Partners of Lytton Winery (Plaintiffs herein.)

**ATTACHMENT FR-2.A**

Plaintiffs refer to the first, second, third and fourth causes of action and incorporate them
herein as though fully set forth and as a new and distinct cause of action allege as follows:

17.   Plaintiffs are informed and believe and thereon allege that prior to the creation of Lytton
Vineyard Winery LP, Sheldon H. Lytton made fraudulent misrepresentations of material
facts as indicated in the Letter of Intent dated February 3, 2014. The material
representations in the Letter of Intent (Exhibit 6) were as follows:

a.   Sheldon H. Lytton owns the majority interest in the General Partner which was
Lytton Estates LLC.

b.   The actual investment was going to be done by means of a Limited Partnership
Placement Memorandum and accompanying documents which were not provided
prior to the signing of the Letter of Intent.

c.   That the Lytton Vineyard & Winery LP was accepting a minimum of three (3) and
a maximum of six (6) limited partners in the partnership.

d.   That the Lytton Family Trust is investing $1,000,000 in cash.

e.   That the Van Rockel Winery was going to be purchased for the sum of $4,500,00
and that $3,000,000 more was going to be invested to completely redo the
landscaping, remodel and refurbish the buildings, and take the other steps
necessary to develop the new winery.

f.   That part of the Partnership cash was going to be used to purchase the property of
the winery.

g.   That the remodeling and refurbishing of the winery will be done.

31

h.  That there were no liens or other debts on the winery.

i.  That the earnings in second or third year will enable the loan to be reduced as indicated on page 12 of the Private Placement Memorandum (hereinafter PPM.)

j.  That the loan will be able to be paid in full through additional equity investment or refinance.

k.  That the Lytton Winery was going to be funded with the investments of the Limited Partners and that 60 % of the Lytton Winery was going to be owned by the Limited Partners as indicated on page 12 of the PPM.

l.  That the General Partner was going to conduct business with the fiduciary duty to the Limited Partners as indicated on page 18 of the PPM.

m.  That the General Partner has the option to sell the Lytton Winery with the expectation that such sale would result in repayment of the entire investment, plus a significant profit for the Limited Partners as indicated on page 20 of the PPM.

2.  The actual investment discussed in the Letter of Intent made reference to the Private Placement Memorandum which were going to be provided after the signature of the Letter of Intent.

32

**ATTACHMENT FR-2.B.**

1.  Plaintiffs are informed and believe and thereon allege that Plaintiffs have not been provided any proof that the Lytton Family Trust invested $1,000,000 in cash.

2.  Plaintiffs are informed and believe and thereon allege that $3,000,000 was going to be invested to completely redo the winery.

3.  Plaintiffs are informed and believe and thereon allege that the representations were false in that more than $3,000,000 were allegedly incurred to redo the winery and unnecessary expenses were incurred which created further liabilities to Lytton Vineyard.

4.  Plaintiffs are informed and believe and thereon allege that more than 3-6 limited partners were allowed in the partnership and therefore lowering the value of the interests of the Plaintiffs herein.

5.  The representations were made with the intent to induce Plaintiffs to invest in Lytton Winery and Plaintiffs did in fact invest substantial sums of money in Lytton Vineyard.

6.  The misrepresentations caused damages to Plaintiffs in that Plaintiffs invested substantial sums of money, they applied for EB-5 immigration category permanent residency petitions and now that the sale of the Lytton Winery is eminent, the purpose and intent of the investment and the filing of the EB-5 immigration category permanent residency petitions has been destroyed.

7.  Defendants and each of them acted with malice and conscious disregard for the rights and benefits of Plaintiffs herein and with conscious disregard for the purpose and intent of the investment of substantial sums of money on part of Plaintiffs herein and knowing that Plaintiffs applied for EB-5 immigration category permanent residence petitions and now the sale of the Rancho California property is imminent, the purpose of the limited partnership investment is destroyed . Defendants are therefore subject to punitive and exemplary damages according to proof.

8.  Defendants failed to communicate to Plaintiffs that the winery was having financial

33

1  difficulties or that defendants were in the process of selling the winery which is located

2  on the Rancho California property.

3  9.   Defendants attempted to conceal the fact that the main asset of Lytton Vineyard &

4  Winery LP was for sale until they were confronted therewith.

5  10.  Plaintiffs were not aware of the misrepresentations and concealment of the sale of the

6  Lytton Winery  until they became aware of the sale of the Rancho California property and

7  the winery from an independent source. No vote was ever called for.

8  11.  The signatures of Plaintiffs in the limited partnership agreement and/or other documents

9  related to their participation as Limited Partners in Lytton Vineyard & Winery LP was

10  obtained by fraud, false pretenses, concealment and misrepresentations.

11  12.  Plaintiffs are informed and believe and thereon allege that the above material facts that

12  defendants misrepresented turned out to be false.

13  13.  Plaintiffs are informed and believe and thereon allege that the truth is that Sheldon H.

14  Lytton, Maribeth Levine, the General Partner Lytton Estates LLC, and the general

15  managers of  Lytton Winery had the intent to create Lytton Winery but allowed the Lytton

16  Winery to fall into serious difficulties to the detriment of Plaintiffs herein.

17  14.  Plaintiffs are informed and believe and thereon allege that when defendants made the

18  misrepresentations stated above, defendants knew them to be false (or had no reasonable

19  ground for believing the representations were true).

20  15.  Plaintiffs are informed and believe and thereon allege said defendants made the

21  misrepresentations with the intent to defraud and induce the Plaintiffs to sign the Limited

22  Partnership Agreement for Lytton Winery.

23  16.  At the time that the misrepresentations were made to Plaintiffs, Plaintiffs did not know

24  the representations were false and believed them to be true.

25  17.  Plaintiffs acted in justifiable reliance upon the truth of said representations and

26  demonstrated their reliance by signing the Limited Partnership Agreement for Lytton

27

28                                                                                34

1    Winery and further demonstrated their reliance by depositing substantial sums of money

2    as required.

28                                                                                              35

**CASE: ZHIHONG ZHANG V. LYTTON WINERY**

**ATTACHMENT FR-3.A**

### (CONCEALMENT OF MATERIAL FACTS)

18. Defendants and each of them concealed or suppressed material facts by telling Maria Xia and/or Plaintiffs herein information discussed above that led Plaintiffs to sign the Limited Partnership Agreement of Lytton Winery and that led Plaintiffs to deposit substantial sums as indicated herein.

19. Sheldon H. Lytton promised that the limited partner investors would get their immigration petitions and have their money returned to them in five (5) years and maybe have more than the initial investment returned to them.  Maribeth Levine was aware of the representations made by Sheldon.

20. Sheldon H. Lytton and Maribeth Levine did not disclose that they would attempt to sell the Rancho California property and the winery prior to the Limited Partner investors receiving their immigration petitions.

36

1  **CASE: ZHIHONG ZHANG V. LYTTON WINERY**

2  **ATTACHMENT FR-4**

3  <u>**(PROMISE WITHOUT INTENT TO PERFORM)**</u>

4  21.  Defendants generated the Letter of Intent dated February 3, 2014, without any intention of

5  performing the requirements of said Letter of Intent and the Limited Partnership

6  Agreement of Lytton Vineyard & Winery changed, without further discussion, the terms

7  and conditions of the Letter of Intent without further notifying Plaintiffs of the differences

8  thereof.  The promises made in the Letter of Intent were made with the intent to defraud

9  and induce Plaintiffs to rely upon it and to sign the Limited Partnership Agreement of

10  Lytton Vineyard & Winery LP and related documents.

11  22.  At the time that Plaintiffs signed the Limited Partnership Agreement of Lytton Vineyard

12  & Winery LP  and related documents, Plaintiffs were unaware of defendants' intention

13  not to perform the agreement and promises.

14  23.  Plaintiffs acted in justifiable reliance of the Letter of Intent and the other documents

15  created by defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28                                                                                              37

**CASE: ZHIHONG ZHANG V. LYTTON WINERY**

**ATTACHMENT FR-6**

### DAMAGES

24.    Defendants are trying to sell the only asset of Lytton Winery and therefore, would obtain a windfall in that they claim shares of the current estate when they have presented no evidence of their investment, nor have they timely provided financial documentation to Plaintiffs herein.

25.    In doing the acts herein alleged,   defendants, and each of them, acted with oppression, fraud and malice as indicated in Civil Code , and Plaintiffs are entitled to punitive and exemplary damages in an amount to be proven at the time of trial.

38

**PRAYER**

Therefore, Plaintiffs request the court to make orders as follows:

**ON THE FIRST, SECOND AND THIRD CAUSES OF ACTION:**

1. General and Special damages according to proof;

2. Interest on the damages;

3. To set aside the sale of the winery;

4. To set aside the sale of the Rancho California property.

5. Costs as permitted by law.

**ON THE FOURTH AND FIFTH CAUSES OF ACTION**

6. General and Special damages according to proof.

7. Interest on the damages.

8. To set aside the sale of the winery.

9. To set aside the sale of the Rancho California property.

10. Costs and attorneys fees as permitted by law.

11. Punitive damages according to proof.

12. To restrain the sale of the Lytton Vineyard & Winery property and to restrain the sale of the Rancho California property.

13. To maintain the Notice of Lis Pendens on the Lytton Vineyard & Winery property (Rancho California property) intact until the trial.

14. All other orders the Court may deem just and proper.

Respectfully submitted,

Date: September 30, 2024

OSCAR E. TOSCANO
Attorney for Plaintiffs

39

1

VERIFICATION

2 STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3      I have had the foregoing Complaint for damages and I know the contents thereof.  I am

4 one of the Plaintiffs in this action. The matters stated in the above mentioned pleading are true of

5 my own knowledge or it is based on the exhibits being submitted and except as to those matters

6 and those stated on information and belief and as to those matters, I believe them to be true.

7      I declare under penalty of perjury that the foregoing is true and correct and if sworn as a

8 witness I can competently testify thereto except as to those matters stated on information and

9 belief and as to those matters, I believe them to be true.

10      Executed on  September 30, 2024  at _____ Los Angeles _____ California.

11

12

13                                    _____

14                                        Zhao, Yunning

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                                       VERIFICATION

2 STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3       I have had the foregoing Complaint for damages and I know the contents thereof. I am

4 one of the Plaintiffs in this action. The matters stated in the above mentioned pleading are true of

5 my own knowledge or it is based on the exhibits being submitted and except as to those matters

6 and those stated on information and belief and as to those matters, I believe them to be true.

7       I declare under penalty of perjury that the foregoing is true and correct and if sworn as a

8 witness I can competently testify thereto except as to those matters stated on information and

9 belief and as to those matters, I believe them to be true.

10                   Executed on  September 30, 2024  at  Los Angeles  California.

11

12

13                                         Wang Chunting

14                                          Wang, Chunting

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | VERIFICATION

2 | STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3 |     I have had the foregoing Complaint for damages and I know the contents thereof.  I am

4 | one of the Plaintiffs in this action. The matters stated in the above mentioned pleading are true of

5 | my own knowledge or it is based on the exhibits being submitted and except as to those matters

6 | and those stated on information and belief and as to those matters, I believe them to be true.

7 |     I declare under penalty of perjury that the foregoing is true and correct and if sworn as a

8 | witness I can competently testify thereto except as to those matters stated on information and

9 | belief and as to those matters, I believe them to be true.

10 |     Executed on  September 30, 2024  at  Los Angeles  California.

Zhang, Zhihong

1                                        VERIFICATION

2 STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3        I have had the foregoing Complaint for damages and I know the contents thereof. I am

4 one of the Plaintiffs in this action. The matters stated in the above mentioned pleading are true of

5 my own knowledge or it is based on the exhibits being submitted and except as to those matters

6 and those stated on information and belief and as to those matters, I believe them to be true.

7        I declare under penalty of perjury that the foregoing is true and correct and if sworn as a

8 witness I can competently testify thereto except as to those matters stated on information and

9 belief and as to those matters, I believe them to be true.

10                  Executed on _September 30, 2024_ at _Los Angeles_ California.

11

12                                   _Yang Mei_

13

14                                       Yang, Mei

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                               VERIFICATION

2 STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3        I have had the foregoing Complaint for damages and I know the contents thereof.  I am

4 one of the Plaintiffs in this action. The matters stated in the above mentioned pleading are true of

5 my own knowledge or it is based on the exhibits being submitted and except as to those matters

6 and those stated on information and belief and as to those matters, I believe them to be true.

7        I declare under penalty of perjury that the foregoing is true and correct and if sworn as a

8 witness I can competently testify thereto except as to those matters stated on information and

9 belief and as to those matters, I believe them to be true.

10                Executed on _Sep 30, 2024_ at _Los Angele_, California.

11

12

13                                 _____

14                                   Jin, Pong

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1 Park Plaza, Suite 600, Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*): _____
EMERGENCY EX-PARTE MOTION TO CONTINUE HEARING AND RESPONSIVE DEADLINES FOR DEBTOR'S MOTION FOR ORDER:  (1)AUTHORIZING BIDING
PROCEDURES FOR SALE OF ESTATE PROPERTY; (2) APPROVING THE SALE OF PROPERTY UNDER 11 U.S.C. § 363 FREE AND CLEAR OF LIENS, CLAIMS, AND
ENCUMBRANCES, SUBJECT TO HIGHER AND BETTER OFFERS; ETC.[DOCK. #69]; AND DECLARATIONS OF DAVID BROWNSTEIN AND CECIL MCNAB IN SUPPORT
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
12/03/2024_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

see attached list

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)     12/03/2024_____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

For postage pickup on 12/4/2024

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/03/2024 | David Brownstein | /s/ David Brownstein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

PROOF OF SERVICE CONTINUED

Part 1. Service by NEF
Katherine Bunker    kate.bunker@usdoj.gov
M Douglas Flahaut    df@echoparklegal.com
Michael J Gomez    mgomez@frandzel.com, dmoore@frandzel.com
Douglas A Plazak    dplazak@rhlaw.com
Thomas J Polis    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
Gerrick Warrington    gwarrington@frandzel.com, achase@frandzel.com

Part 2. Service by US MAIL

Label Matrix for local noticing
0973-1
Case 1:24-bk-11748-VK
Central District of California
San Fernando Valley
Tue Dec  3 21:49:27 PST 2024

American AgCredit, PCA
c/o Frandzel Robins Bloom & Csato, L.C.
Attn: Michael J. Gomez
1000 Wilshire Blvd. 19th Floor
Los Angeles, CA 90017-2457    ECF

Echo Park Legal, APC
2210 Sunset Blvd. #301
Los Angeles, CA 90026-3002    ECF

Employment Development Dept.
Bankruptcy Group MIC 92E
P. O. Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
Bankruptcy Section MS: A-340
P. O. Box 2952
Sacramento, CA 95812-2952

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

(p)LOS ANGELES COUNTY TREASURER AND TAX COLLE
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

(p)OFFICE OF FINANCE  CITY OF LOS ANGELES
200 N SPRING ST RM 101 CITY HALL
LOS ANGELES CA 90012-3224

Lytton Vineyard & Winery, L.P.
23750 Long Valley Rd.
Hidden HIlls, CA 91302-2408

Nano Banc
c/o Polis & Associates, APLC
19800 MacArthur Blvd., Suite 1000
Irvine, CA 92612-2433    ECF

Securities & Exchange Commission
444 South Flower St., Suite 900
Los Angeles, CA 90071-2934

San Fernando Valley Division
21041 Burbank Blvd,
Woodland Hills, CA 91367-6606

24 Hour Express Services
26047 Jefferson Ave #D
Murrieta, CA 92562-6988

530 Designs
4073 Linda Vista Dr
Fallbrook, CA 92028-8417

A & T Italian Foods Inc
7400 Scout Ave
Bell Gardens, CA 90201-4932

ATP Inc
2 Madison Ave #210
Larchmont, NY 10538-1961

Airespring
1801 W Olympic Blvd
Pasadena, CA  91199-0001

Alcohol and Tobacco Tax and Trade Bureau
Excise Tax
PO Box 790353
St. Louis, MO 63179-0353

Alejandro Borja
26485 Khepera Ct
Murrieta, CA 92563-6352

Alsco Uniforms
760 Shadowridge Dr
Vista, CA 92083-7986

American AgCredit
Credit Dept 34777 PO Box 39000
San Francisco, CA 94139-0001

American Express national Bank
4315 South 2700 West
Salt Lake City, UT 84184-0001

American Tartaric Products Inc
2 Madison Ave #210
Larchmont, NY 10538-1961

Another One Wipes the Dust
37104 Galileo Lane
Murrieta, CA 92563-2826

Arentfox Schiff LLP
Attn Aylin Sookassians
555 W Fifth Street, 48th Floor
Los Angeles, CA 90013-1065

BMI
10 Music Square East
Nashville, Tennessee 37203-4321

Bank of the West
2527 Camino Ramon
San Ramon, CA 94583-4213

Better Beverage
10624 Midway Ave
Cerritos, CA 90703-1581

Blue Shield of California
PO Box 749415
Los Angeles, CA  90074-9415

Butler Chemicals Inc
3070 E Ceena Ct
Anaheim, CA 92806-1321

CBC Technical Inc
27470 Aqua Vista Way
Temecula, CA 92590-3439

CDFA
Agricultural Statistics Branch
PO Box 942871
Sacramento, CA 94299-9871

CDFA-MEB
1220 N Street
Sacramento, CA 95814-5607

California Department of Tax & Fee Admin
Account Information Group, MIC:29
PO Box 942879
Sacramento, CA 94279-6001

California Department of Tax & Fee Admin
Return Processing Branch
PO Box 942879
Sacramento, CA 94279-6001

California Dept. of Food & Agriculture
1220 N Street
Sacramento, CA 95814-5607

California State Fire Protection
36140 Jana Lane
Wildomar, CA 92595-8607

Card Service Center
PO Box 569100
Dallas, Tx 75356-9100

Central Restaurant Products
PO Box 78070
Indianapolis, IN 46278-0070

Chunting Wang
Rm 202 Bldg 8 Zhongtiejian Guojicheng
Shandong, Jinan 250101 China

Cintas
PO Box 29059
Phoenix, AZ 85038-9059

Commerce Bank of Temecula Valley
25220 Hancock Avenue Ste 140
Murrieta, CA 92562-0902

County of Riverside
Business Registration Division
PO Box 1090
Riverside, CA 92502-1090

County of Riverside
Department of Environmental Health
PO Box 7909
Riverside, CA 92513-7909

County of Riverside
PO Box 12005
Riverside, CA 92502-2205

Daniel Chapman et al
C/O DLaw Inc
880 E Broadway
Glendale, CA 91205-1218

Deborah Lytton Esq
26128 Alizia Canyon Dr Unit A
Calabasas, CA 91302-2690

Dept of Food & Agriculture
Agricultural Statistics Branch
650 Capitol Mall #6-100
Sacramento, CA 95814-4712

Dept of Treasury
TTB Excise Tax
PO Box 790353
St. Louis, MO 63179-0353

Domain Networks
530-B Harkle Road Ste. 100
Sana Fe, NM 87505-4739

Domain Networks
PO Box 1280
Hendersonville, NC 28793-1280

Eastern Municipal Water District
PO Box 8300
2270 Trumble Rd
Perris, CA 92572-8300

Ecolab Pest Elimination
26252 Network Place
Chicago, IL 60673-1262

Elisa Meyer
43980 Mahlon Vail Rd #3903
Temecula, CA 92592-9602

Empire Pest Defense Services Inc
1295 S Cawston Ave #376
Hemet, CA 92545-9114

Employment Development Dept
Bankruptcy Group MIC 92E
PO Box 826880
West Sacramento, CA  91302-3065

Employment Development Dept
PO Box 989061
West Sacramento, CA 95798-9061

Encore Glass Inc
PO Box 8540
Pasadena, CA 91109-8602

Eversoft
PO Box 92769
Long Beach, CA 90809-2769

Flex Facts - Grant Benefits Solutions
1200 River Ave #10E
Lakewood, NJ 08701-5657

Franchise Tax Board
PO Box 942857
Sacramento, CA 94257-0511

Franchise Tax Board Section, MS: A-340
PO Box 2952
Sacramento, CA 95812-2952

Frank Miglin
1412 Calle Redonda Ln
Escondido, CA 92026-1611


GLS
Attention GLS US AR
PO Box 31990
Stockton, CA 95213-1990

Gil Hopenstand
312 N Spring Street, 5th Fl
Los Angeles, CA 90012-4701

Great American Insurance Co
Specialty Accounting
PO Box 89400
Cleveland, OH 44101-6400


Great Harvest
31795 Rancho California Rd #200
Temecula, CA 92591-2995

Guardian Plumbers
23905 Clinton Keith Road
Wildomar, CA 92595-7897

H&A Financing Services
1225 E Macarthur St.
Sonoma, CA 95476-3811


Hamilton Meat LLC
3515 Main Street St #208
Chula Vista, CA 91911-5899

Hidden Eye Security
41110 Sandalwood Circle Suite #104
Murrieta, CA 92562-1004

Hill Springs Farms LLC
PO Box 1946
Duarte, CA 91009-4946


Ingardia Bro Produce
700 S Hathaway St
Santa Ana, CA 92705-4126

Inland Empire Magazine
19069 Van Buren Blvd #114-340
Riverside, CA 92508-9169

Jay and Diana Moss
109 Bayside Pl
Corona Del Mar, CA 92625-2856


Jennifer Beaudreau
658 Zaharias Ave
Hemet, CA 92545-8823

Jonathon Murray
3955 De Marquez Ct.
Temecula, CA 92592

Kaiser Foundation Health Plan
PO Box 741562
Los Angeles, CA 90074-1562


Kara Schaal et al
C/O Blackstone Law APC
8383 Wilshire Boulevard, Suite 745
Beverly Hills, CA 90211-2442

Kelly Spicers Stores
File 749317
Los Angeles, CA 90074-9317

Ken and Julie Kamins
2438 Waldemar Drive
Lake Sherwood, CA 91361-5090


Kensington Security Services LLC
David Vawter
22955 Pheasant Dr.
Canyon Lake, CA 92587-7527

Konica Minolta Business Solutions
3390 University Ave, Suite 600
Riverside, CA 92501-3320

(p)DE LAGE LANDEN FINANCIAL
ATTN LITIGATION & RECOVERY
1111 OLD EAGLE SCHOOL ROAD
WAYNE PA 19087-1453


LArtisan Valley Baking Co
31130 Plantation Dr
Thousand Palms, CA 92276-6606

Label Productions
41136 Sandalwood Circle
Murrieta, Ca 92562-7028

Lafitte Cork & Capsule
45 Exectutive Court
Napa, CA 94558-6267


Lava Propane
1298 Distribution Way
Vista, CA 92081-8816

Lease Direct
PO Box 6980
Wayne, PA 19087-8701

Leticia Cordova
30755 Cocos Palms Ave
Homeland, CA 92548-9523

Lytton Estates LLC
23750 Long Valley Road
Hidden Hills, CA 91302-2408

Lytton Family TR FBO Maribeth Levine Ex
23750 Long Valley Road
Hidden Hills, CA 91302-2408

Lytton Family Trust
23009 Rey Alberto Ct
Calabasas, CA 91302

Maribeth Levine
23750 Long Valley Road
Hidden Hills, CA 91302-2408

Marolyn Miglin
1412 Calle Redonda Ln
Escondido, CA 92026-1611

Matthew Jennings Treasurer-Tax Collector
County of Riverside
PO Box 12005
Riverside, CA 92502-2205

Maurice Carrie Winery
34225 Rancho California Rd
Temecula, CA 92591-5054

Mei Yang
13501 Wanwei Garden Xihu Rd
Tianjing, Nankai 300193 China

Monica Lyon
40207 Via Acuna
Murrieta, CA 92562-3573

Nano Banc
25220 Hancock Ave #140
Murrieta, CA 92562-0902

New Leaf Biofuel
2285 Newton Ave
San Diego, CA 92113-3619

Omaha National Underwriters LLC
PO Box 451139
Omaha, NE 68145-6139

Omega Print
26047 Jefferson Ave Suite C
Murrieta, Ca 92562-6988

Open Table Inc
PO Box 101861
Pasadena, CA 91189-0054

Paul Malherbe
33951 Madera De Playa
Temecula, CA 92592-9262

Paychex
1535 Scenic Ave Suite 100
Costa Mesa, CA 92626-1103

Pechanga Band of Luiseno Indians
Attention Zeneyda Cabrera
PO Box 1477
Temecula, California 92593-1477

Professional Rest Operations Solutions
59770 Stonewood Rd
Temecula, CA 92591

Proforma Unisource
PO Box 51925
Los Angeles, CA 90051-6225

RIVERSIDE COUNTY TREASURER-TAX COLLECTOR
4080 Lemon St 4th Floor
RIVERSIDE, CA 92501-3609

RNC Group Inc
Room 601
33 Changqiao Five Village
Shanghai, Xuhui 200231 China

Ramp Business Corporation
28 W 23rd St Floor 2
New York, NY 10010-5260

Rancho California Water District
PO Box 512687
Los Angeles, CA 90051-0687

Ray Chastine
5388 Andrew Dr
La Palma CA 90623-1507

Reid & Hellyer APC
PO Box 1300
Riverside, CA  92502-1300

Renaissance Wine Consulting
39710 Cambridge Place
Temecula, CA 92591-5599

Republic National Distributing Co
PO Box 743564
Los Angeles, CA 90074-3564

Restaurant Services
15740 Via Barranca
Perris, CA 92570-7543

Riverside County Farm Bureau
Membership Dept
2600 River Plaza Dr #230
Sacramento, CA 95833-3377

S Lytton Associates
23750 Long Valley Rd
Hidden Hills, CA 91302-2408

SBA LOAN
409 3rd St SW
Washington, DC 20416-0005

SESAC Inc
PO Box 5246
New York, NY  10008-5246

SVP Winery LLC
PO Box 12958
San Luis Obispo, CA 93406-2958

Santa Monica Seafood
18531 S Broadwick St
Rancho Dominguez, CA 90220-6440

Scotto Cellars
712 Bancroft Rd #463
Walnut Creek, CA 94598-1531

Sip Dine Desing LLC
33565 Pauba Rd
Temecula, CA 92592-9313

(p)SOUTHERN CALIFORNIA EDISON COMPANY
1551 W SAN BERNARDINO ROAD
COVINA CA 91722-3407

Southern California Gas Company
PO Box C
Monterey Park, CA 91754-0932

Southern Glazers Wine & Spirits
FILE 56002
Los Angeles, CA  90074-6002

Stephen J. Malkiewicz
Bankruptcy Counsel
6800 Cintas Blvd
Mason, OH 45040-9151

Stone Distributing Company
PO Box 25667
Pasadena, CA 91185-5667

Superior Grove Management
40960 California Oaks Rd #262
Murrieta, CA 92562-5747

Susan Lytton
25009 Rey Alberto Court
Calabasas, CA 91302-3065

TPC The Phone Connection Inc
38755 Via Vista Grande
Murrieta, CA 92562-7325

Temecula Life
Luis Gonzalez
41443 Temeku Dr
Temecula, CA 92591-3974

Temecula Valley Backflow
PO Box 890068
Temecula, CA 92589-0068

Temecula Valley Chamber of Commerce
26790 Ynez Ct #A
Temecula, CA 92591-5607

Temecula Valley Winegrowers Association
Nottingham & Associates APC
42460 Ridge Park Dr Ste 240
Temecula, CA 92590

The Hartford
PO Box 660916
Dallas, TX 75266-0916

The Pond Guy
2249 S Stage Coach Ln
Fallbrook, CA 92028-4455

The Vintner Vault
27941 Diaz Road Suite B
Temecula, CA 92590-3484

Toast Inc
401 Park Drive #801
Boston, MA 02215-3372

Tong Jin
63202 68 Nanchang Rd
Nanjing City, Jiangsu 210000 China

(p)U S  SMALL BUSINESS ADMINISTRATION
312 N SPRING ST 5TH FLOOR
LOS ANGELES CA 90012-4701

UPS
PO Box 650116
Dallas, TX  75265-0116

US Bank California Indirect
PO Box 790179
St. Louis, MO  63179-0179

US Foods Inc
File #50631
Los Angeles, CA 90074-0631

US Small Business Administration
10737 Gateway West #300
El Paso, TX 79935-4910

United States Trustee (SV)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Uqr Me
2 Biscayne Blvd
Miami, FL 33132

Venecacao LLC
5225 Canyon Crest Dr #71 Suite 330
Riverside, CA 92507-6324

Verizon
PO Box 660108
Dallas, TX 75266-0108

WH Unlimited LLC
42075 Remington Ave Suite #105
Temecula, CA 92590-2558

Waste Management
PO Box 541065
Los Angeles, CA 90054-1065

Wdp Gateway
6111 W Planopkwy 2700
Plano, TX 75093

WebstaurantStore
42 Industrial Circle
Lancaster, PA 17601-5928

Wedgewood Weddings
43385 Business Park Dr
Temecula 92590-3688

Wei Cai
1102 Bldg 3
Yageer Future City
Suzhou City, Jiangsu 215400 China

West Coast Bottles LLC
2201 Francisco Drive #140-154
El Dorado Hills, CA 95762-3713

Westport Security Services Inc
c/o Cornerstone Billing
PO Box 428
Bedford Park, IL 60499-0428

William Scotsman Inc
195 East Morgan St
Perris, CA 92571-3112

Willscot
PO Box 91975
Chicago, IL 60693-1975

Wine Country Transport
46400 Golden Stag Ranch Rd
Aguanga, CA 92536-9236

Wine Direct Payments Fortis
6111 W Plano Pkwy Suite 2700
Plano, TX 75093-0015

Yelp
300 Mission St
San Francisco, CA 94105-2203

Yunning Zhao
205 Fiore
Irvine, CA 92602-1909

Zhihong Zhang
41 Ste Jia 202 Liangshuihe 1 St 37
Beijing, Beijing 100000 China

Zhihong Zhang Tong Jin Yunning Zhao Mei Yang
C/O Oscar E. Toscano Attorney at Law
625 W. Broadway Suite B
Glendale, CA 91204-1041

Douglas A. Plazak
Reid & Hellyer, APC
3685 Main Street, Suite 300
P.O. Box 1300
P.O. Box 1300
Riverside, CA 92502-1300

M Douglas Flahaut  ECF
Echo Park Legal, APC
2210 W. Sunset Blvd.
Ste 310
Los Angeles, CA 90026-3002

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

L.A. County Tax Collector
Bankruptcy Unit
P.O. Box 54110
Los Angeles, CA 90051-0110

Los Angeles City Clerk
P.O. Box 53200
Los Angeles, CA 90053-0200

Konica Minolta Premier Finance
PO Box 41602
Philadelphia, PA 19101-1602

Southern California Edison
PO Box 300
Rosemead, CA 91772-0001

(d)Southern California Edison Company
PO BOX 6109
Covina, CA 91722

U.S. Small Business Administration
312 N Spring Street, 5th Fl
Los Angeles, CA 90012